STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MAX
KRICH ET AL., PLAINTIFFS IN ERROR.

Argued October 3, 1939—Decided December 28, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the plaintiffs in error, *Frederic M. P. Pearse.*

For the defendant in error, *Thomas G. Tuso.*

The opinion of the court was delivered by

DONGES, J. Plaintiffs in error were convicted of a conspiracy to cheat and defraud an insurance company. The substance of the charge is that in furtherance of the conspiracy to defraud the insurance company, Max Krich brought suit against Herman Krich for damages, alleging that he was injured as a result of a collision on June 6th, 1936, between the automobile of Herman Krich and another automobile, whilst Max Krich was an invitee therein, when, in fact, he did not sustain his alleged injuries on that occasion; and that the defendant Yetta Krich, wife of Max Krich, conspired with the other defendants to mulct the insurance company by falsely swearing that the injuries of her husband were the result of the occurrence of June 6th. The admitted fact is that there was a collision between the automobile of Herman Krich and another automobile on April 18th, 1936, while Max Krich was an occupant of his brother's automobile, and that on June 6th, 1936, there was a collision between Herman's automobile and another automobile. Standard Accident Insurance Company issued to Herman Krich a policy of liability insurance covering the operations of a Packard sedan owned by him, on May 2d, 1936. So far as appears there was no insurance covering the collision of April 18th, 1936, but a policy was in effect at the time of the collision of June 6th, 1936. The state alleged that the injuries of Max were not received in the collision of June 6th, 1936, but in the prior collision of April 18th, 1936. There was abundant testimony that prior to June 6th, 1936, Max Krich was suffering from injuries received in the collision of April 18th.

Plaintiffs in error urge three grounds for reversal, as follows: (1) That the indictment is defective in failing to charge an offense; (2) that it was error to admit in evidence testimony of Herman Krich, taken in the civil proceeding, of conversations with his attorney in that suit, and in permitting the attorney of Herman Krich in the civil suit to testify in the criminal proceedings as to conversations he had with his client in preparation for the trial of the civil suit on the ground they were confidential communications; and (3)

that the trial judge should have directed verdicts of acquittal and that the verdicts are contrary to the evidence.

We conclude that the indictment was sufficient and that the verdict was not against the weight of the evidence.

We are of opinion that the admission in the trial of this indictment, over objection, of the testimony of the attorney for defendant Herman Krich in the civil suit and that of his secretary as to communications to him was error.

Under the terms of the policy of insurance, the company furnished an attorney to defend. It is undisputed that the attorney filed an answer for the defendant; that he interviewed the defendant in preparation for trial; and that he actually tried the case. In an interview with the defendant, the attorney had his secretary present, and she took down and transcribed the statements of the defendant, either in his language or in the language of the attorney. She also was a witness in this case and testified to the statements made by Herman Krich to his attorney.

The rule is that an attorney is not permitted to disclose communications made to him by his client in the course of their professional relations, and that it is equally privileged when made in the presence of a stenographer, who cannot give the communication in evidence. Section 496 of *Wharton on Evidence.* 70 *C. J.* 397.

In *State* v. *Loponio,* 85 *N. J. L.* 357, Judge White, speaking for the Court of Errors and Appeals, said: "Where, therefore [enlarging somewhat upon the language of Professor Wigmore], legal advice of any kind is sought from a duly-accredited professional legal advisor in his capacity as such, the communications relevant to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself, or by the legal advisor, or by the agent of either confidentially used to transmit the communications, except the client waives the protection. *Wigm. Ev.,* § 2292; *Halton* v. *Robinson,* 31 *Mass.* 416."

The rule is one of public policy. A strict adherence to such a beneficent rule of public policy is necessary. It is unimportant whether or not defendants suffered harm upon the merits of the case. The violation of the rule is sufficient

reason to set aside the judgment, otherwise, the rule might be put aside with impunity and lead to subversion of the public policy upon which it is grounded. *State* v. *Wilson*, 31 *N. J. L.* 77; *Ware* v. *State*, 35 *Id.* 553; *State* v. *Herbert*, 92 *Id.* 341.

In the instant case the violation of the rule was prejudicial to all of the defendants. The charge was for conspiracy to defraud and the statements made by one of the defendants to his attorney were introduced in evidence to show that his testimony in the trial of the civil case was untrue and given for the purpose of establishing his negligence and mulcting his insurance carrier. In *Fosler* v. *Hall*, 12 *Pick.* 89, Chief Justice Shaw said: "It is well established that the matter thus disclosed in professional confidence cannot be disclosed at any future time, nor can it be given in evidence in another suit, although the client from whom the communication came is no party and has no interest in it." The evidence was not admissible in any suit. The privilege belongs to the client and may be waived by him only. Nor is the rule changed by the retainer of the lawyer to represent an interest hostile to that of his former client. The confidential nature of the communications is not changed and the disability to divulge them continues.

The judgment is reversed, and a *venire de novo* awarded.