Mrs. Marjorie B. CHITTY, as Administratrix of the Estate of J. Bunyan Baxley, deceased, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

No. AC–1408.

United States District Court
E. D. South Carolina,
Aiken Division.

Aug. 25, 1964.

Blatt & Fales, Barnwell, S. C., for plaintiff.

James J. Bush, Barnwell, S. C., Henderson, Salley & Cushman, Aiken, S. C., for defendant.

SIMONS, District Judge.

This matter comes before me on motions of the plaintiff hereinafter referred to as Chitty, to require the production of certain documents by the defendant, hereinafter referred to as State Farm, and to dismiss State Farm's Counterclaim; and on Motion of State Farm to vacate the Notice of Taking certain Depositions on behalf of Chitty or, in the alternative, to limit the depositions to specific written interrogatories. Argument on these Motions was heard by this Court at Aiken on June 29, 1964, and both parties thereafter filed Briefs with the Court.

This is an action instituted by Chitty against State Farm for negligence and

bad faith in failing to settle an earlier suit brought against Chitty [1] in which a verdict was rendered in excess of the liability insurance coverage which Chitty had purchased from State Farm. In the earlier action, in accordance with the provisions of its liability insurance policy, State Farm employed counsel to represent Chitty in that action, and herein she has moved the Court to require State Farm to produce its files in the former action, including all correspondence between State Farm and counsel employed by it to represent Chitty in said former action.

State Farm opposes Motion to Produce under provisions of Rule 34, which requires moving party to prove relevancy of documents, as well as good cause for their production; and upon further ground that information sought by Chitty is privileged because of attorney-client relationship existing between State Farm and its attorneys in the former action.

The gravamen of Chitty's Complaint is that State Farm was negligent, reckless, guilty of bad faith, and acted in its own interest in handling the defense and in not settling the prior tort action against her, when it had the opportunity to do so, and was urged by Chitty to do so, within her policy limits. State Farm's failure to settle the case resulted in an excess verdict against her in the sum of Twenty-five Thousand [$25,000.00] Dollars.

■ Under Rule 34 of Federal Rules of Civil Procedure, 28 U.S.C.A.[2] Chitty must show, not only that the documents, facts and information sought are relevant, but also that good cause exists for their production, and that they are "not privileged". Guilford National Bank of Greensboro v. Southern Rwy. Co., 297 F.2d 921 [4th Cir.].

Chitty contends that she should be permitted to inspect the documents and records in State Farm's files of the prior case which are specified in her Motion to Produce [3] in order to determine what investigation State Farm made of the case, whether it rejected advice and recommendations of its own agents, adjusters and attorneys. The Court finds that such records and documents are relevant and that good cause has been shown for their production. In Bell v. Commercial Ins. Co. of Newark, N. J., 280 F.2d 514 [3rd Cir. 1960] the Court said:

"With respect to the discovery sought under Rule 34, of the insurer's records pertaining to the personal injury action, we entertain no doubt but that it should have been permitted. Practically, the insurer is in an unenviable position. While it prefers to maintain the privacy of its communications and records, its

1. Mrs. Gloria Boyleston v. Mrs. Marjorie B. Baxley [now Chitty since she has subsequently remarried], as Admx. of the Est. of J. Bunyan Baxley, deceased, which was tried in Court of Common Pleas for Barnwell County, S. C. resulting in verdict for plaintiff of Forty-five Thousand [$45,000.00] Dollars, actual damages.

2. "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which con-

stitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by Rule 26(b). The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just. As amended Dec. 27, 1946, effective March 19, 1948."

3. See Notice of Motion filed with Court May 7, 1964.

failure to make them available certainly permits inferences against the company by judge and jury. It can hardly be denied that, whether such records would be admissible as evidence, they are relevant and germane, could reasonably lead to the discovery of admissible evidence, and would certainly be of assistance to Bell in the preparation of his case. We do not mean this to be a categorical statement as to what constituted 'good cause' under the Rule. But coupling these with the 'agency relationship' existing between the insured and the insurer as indicated by the Court in the Cowden case, which alone would seem to furnish adequate ground for compelling the discovery, leads us to the conclusion that Bell was and is entitled the discovery requested."

An exhaustive annotation as to the duty of liability insurer to settle or compromise is contained in 40 A.L.R.2d pages 168–226, and many cases are cited which substantiate Chitty's contention that her inquiries here are relevant to the issues.

■ Whether State Farm properly investigated the case, whether it sought and followed advice and recommendation of its agents, adjusters and attorneys, are facts which are surely relevant to the issue of its negligence, recklessness, and bad faith in not settling the prior case. Evidence of these matters, if any exists, are in the files of State Farm and may be quite necessary as proof of an unreasonable and arbitrary attitude on the part of State Farm in not settling the cases when advised to do so. Such evidence is not otherwise available to Chitty in advance of trial. She cannot properly prepare and try her case without this information; the denial of her Motion will result in hardship and prejudice; and the production of such items will aid substantially in proving her cause of action, if she has one.[4]

■ Even though the Court finds that the information requested is relevant, and that good cause has been shown for its production, is such information "not privileged" under the purview of Rule 34? This question has caused the Court its greatest concern in this case. Surely the privilege of attorney-client relationship is a time honored right and should be preserved; neither should the "work product" of an attorney be made available to an adverse party, as a matter of right, without a proper showing of necessity or good cause. Hickman, Adm. v. Taylor, et al., 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 [1946] [5].

■ State Farm relies on the Hickman case in support of its position that Chitty should be denied the information sought from its files. The Court does not feel that this case is controlling under the factual situation presented here. The papers and writings which Chitty seeks are not related to or were not prepared by its attorneys for the present action between State Farm and Chitty. These papers were prepared in a differ-

4. See Affidavits of plaintiff and her counsel attached to her Motion to Produce.

5. The Court indicated, however, that there is no absolute privilege to the attorney's work product, when it stated at page 508, 67 S.Ct. at page 392: "We also agree that the memoranda, statements and mental impressions in issue in this case fall outside the scope of the attorney-client privilege and hence are not protected from discovery on that basis. It is unnecessary here to delineate the content and scope of that privilege as recognized in the federal courts. For present purposes, it suffices to note that the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories."

ent action at an earlier time when the same attorneys represented both State Farm and Chitty. It has been held that, where two parties are represented by the same attorneys for their mutual benefit, the communications between the parties are not privileged in a later action between such parties or their representatives. England v. England, 243 Iowa 274, 51 N.W.2d 437. See cases cited in annotation in 22 A.L.R.2d 659 at pages 662–664; 58 Am.Jur. Witnesses, § 496.

The Supreme Court of Wisconsin has held that an attorney may properly act as an attorney for both parties to a transaction with the full knowledge and consent of both, but when a conflict of interest arises in the matter, he must make full disclosures to both or terminate the relation of attorney and client as to both. State v. Rogers, 226 Wis. 39, 275 N.W. 910, 914.

Chitty in her argument and brief relies on the case of Henke, as Adm. v. Iowa Home Mutual Casualty Company, 249 Iowa 614, 87 N.W.2d 920 and the cases and authorities cited therein. The facts in the Henke case are very similar, if not, in fact identical to the facts in our case [6].

It appears that the question here involved is one of novel impression in South Carolina. Neither have I been able to find [nor have counsel for parties cited] any Fourth Circuit or other federal decisions that would be controlling or persuasive here. State Farm cited the New Jersey Supreme Court Case of State v. Krich, et al., 123 N.J.L. 519, 9 A.2d 803 [1939] which reached a different conclusion than that in the Henke case, supra. The Krich case involved a criminal prosecution for conspiracy to cheat and defraud an insurance company, wherein the court protected the attorney-client privilege [7] as to communications between one of the defendants in the prosecution and his attorney in a prior civil action. In my opinion the Krich case is not applicable to the facts in the instant case. Neither can the Court agree with State Farm's arguments that to allow Chitty the discovery sought here would be against public policy, would result in increased litigation, would hamper settlement negotiations, and would cause undue delays in the trial of many

6. 87 N.W.2d at page 922, the Iowa Supreme Court said "The principal issue involved in this appeal is whether correspondence, reports and communications are confidential and privileged between an insurer and the attorney employed by it to defend an insured in litigation resulting from an automobile accident insofar as it pertains to that litigation.

"Plaintiff brought an action at law asking damages against the defendant, an automobile liability insurance company, referred to herein as the insurer, for bad faith and negligence in failing to settle two cases against plaintiff within the limits of the policy and in which judgment was rendered against him in an amount greatly in excess of the limits of the policy. After the issues were resolved, plaintiff filed an application asking for an order directing the defendant company to produce for plaintiff's inspection, copying, or photostating 'all letters, correspondence, reports, communications and copies of the same,' concerning the two previously tried cases in Floyd County, Iowa. Defendant's resistance was on the sole ground that each and every item which plaintiff asked an order to produce 'is privileged' under the laws of the State of Iowa, and is therefore not available to plaintiff for his use in the trial of this cause.

"In its ruling the court found that the insurer employed a Mason City law firm in accordance with its obligation under an insurance contract with plaintiff's decedent, to defend in any action for damages resulting from such an accident; that said firm did defend the administrator in the trial of the two cases, and further that said firm 'did defend and represent both parties, that is E. W. Henke, Administrator, and Iowa Home Mutual Casualty Company in the two cases against * * * E. W. Henke, Administrator."

7. 9 A.2d at page 804: "The rule is that an attorney is not permitted to disclose communications made to him by his client in the course of their professional relations and that it is equally privileged when made in the presence of a stenographer."

cases. We agree with Henke, supra [8], that good public policy would be aided by permitting such discovery under the circumstances involved here.

 Under the facts of this case, the Court finds that the information sought by Chitty is not privileged, and, it is, therefore,

Ordered that State Farm, within fifteen [15] days from the date of this Order, deposit with the Clerk of this Court, for inspection, and/or copying by Chitty, any letters, correspondence, reports, communications, and copies of the same concerning the prior cause of action, as is set forth in her Notice of Motion to Produce dated May 5, 1964 and filed with this Court on May 7, 1964.

Chitty also served Notice of Taking Deposition upon Oral Examination of certain named individuals [9], and thereafter State Farm moved the Court to set aside the Notice of Taking of such depositions upon the ground of privilege [10].

Inasmuch as the Court has heretofore decided that the communications here involved are not privileged, and since State Farm has shown no valid reason why the Court should restrict these depositions to written interrogatories, State Farm's said Motion is hereby denied. Counsel for parties have heretofore advised the Court that they would mutually agree upon a place for the taking of these oral depositions; therefore, it is not necessary for the Court to pass upon that part of State Farm's Motion which questioned the right of Chitty to take the depositions at the place designated in the Notice.

Finally, the last matter for consideration is Chitty's Motion to Dismiss State Farm's Counterclaim. State Farm, on pages 7 through 16 of its Answer filed with the Court on April 30, 1964, seeks a declaratory judgment from this Court:

"Establishing the rights and other legal relations of the persons and parties concerned with or affected by the matters stated hereinabove and declaring, specifically, that State Farm Mutual Automobile Insurance Company is not liable for the payment of any sum to any of said persons or parties by reason of its issuance of the policies of liability insurance herein referred to or by reason of any damages incurred either by Mr. Jack Boyleston, Sr., or by Mr. Jack Boyleston, Jr."

State Farm cites several cases supporting its position that the liability of an insurance carrier for damages for personal injuries is a proper subject for declaratory relief; that such relief may be sought by counterclaim; and that its counterclaim sought herein is compulsory as well as permissive; further, that since its counterclaim is compulsory, it comes within the ancillary jurisdiction of the Court which authorizes the bringing in of additional parties to the counterclaim pursuant to Rule 13[h] regardless of any ensuing lack of diversity.

 While it is well established that the liability of an insurance carrier for damages for personal injuries may be the proper subject for declaratory relief [See American Casualty Co. of Reading, Penna. v. Howard, 4th Cir. 1949, 173 F.2d 924] State Farm in this action has set up a Counterclaim asking for declaratory relief which involves two [2] other suits pending in State Courts and other litigants who are not parties to this action. It asks this Court to adjudicate

8. "Public policy demands that when counsel can no longer act for the good of all, due to secret or confidential information disclosed by one of the parties, the relationship should cease. Without such disclosure, it may be assumed nothing adverse to either or any of the parties was disclosed or communicated, and that no such confidential matters as the law protects are involved as between the parties and the attorney."

9. See Notice of Deposition filed with the Court on May 7, 1964.

10. See Notice of Motion filed by State Farm with the Court on January 25, 1964.

the liability of Chitty to those parties in the State Court suits whom it desires to bring into this action, and, at the same time, it would also have this Court to decide whether it would owe Chitty for any excess judgments that might be obtained against Chitty in those suits which State Farm would bring into the instant action by way of counterclaim. It appears that State Farm's failure to settle the prior suit out of which the present action arose, occurred under totally different circumstances and at varying times from its failure to settle the suits which are still pending in the State Court, and in which excess judgments may be obtained against Chitty; and it further presumes that Chitty, upon the obtaining of excess judgments in the State Court suits, will bring suits similar to the present action against State Farm for damages as a result of such excess verdicts if they are obtained.

It is the Court's opinion that such counterclaim is permissive rather than compulsory under Rule 13 of the Federal Rules of Civil Procedure, 28 U.S. C.A. McNaughton v. N. Y. Central Rwy. Co., 220 F.2d 835 [7th Cir. 1955].

To permit State Farm to proceed with its counterclaim would require the bringing in of additional parties involved in the two [2] State actions [11]; and the Court with a jury would be placed in the position of trying, in this action, three [3] separate and distinct cases, each arising out of a different set of circumstances. Such procedure would give rise to confusion and would make it very difficult to proceed with an orderly trial, rather than fulfilling the primary purpose of declaratory relief by clarifying legal relations and issues, and affording relief from uncertainty and insecurity [12]. It would be most difficult for a court and jury to pass intelligently upon such complex facts, issues and rights of the various parties. Inasmuch as the disallowance of State Farm's counterclaim would not defeat its right to declaratory relief in a separate and independent suit before a court without a jury wherein all issues, facts and circumstances could be better understood and adjudicated, the Court, in the exercise of its discretion, grants Chitty's Motion to Dismiss State Farm's Counterclaim, and it is so Ordered.

11. Jack Boyleston, Jr., by his Guardian ad Litem, Jack Boyleston, Sr. v. Mrs. Marjorie B. Chitty, as Admx. of Est. of J. Bunyan Baxley, deceased; and Jack Boyleston, Sr. v. Mrs. Marjorie B. Chitty as Admx. of Est. of J. Bunyan Baxley, deceased, both now pending in Court of Common Pleas of Barnwell County, S. C.

12. The Fourth Circuit in American Cas. Co. of Reading v. Howard, supra, 173 F.2d at page 928 quoted from Borchard on Declaratory Judgments 107 as follows:

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."