**Lawrence H. AYERS, Plaintiff,**

**v.**

**PASTIME AMUSEMENT COMPANY et al., Defendants.**

**Lawrence H. AYERS, and Ruth T. Ayers, Plaintiffs,**

**v.**

**PASTIME AMUSEMENT COMPANY et al., Defendants.**

**Civ. A. Nos. 6481, 6482.**

United States District Court
E. D. South Carolina,
Charleston Division.

March 31, 1965.

Edward K. Pritchard, Charleston, S. C., W. Bradley Ryan and Barry R. McDonough, Ryan & Ryan, Boston, Mass., for plaintiffs.

J. C. Long, W. Turner Logan, and Arthur G. Howe, Charleston, S. C., for defendant Pastime Amusement Co.

HEMPHILL, Chief Judge.

Motion in this private anti-trust action by defendant Pastime Amusement Company pursuant to Rule 34, Fed.Rules Civ. Pro. for an Order:

"requiring the plaintiff to produce for inspection and copying any, and all releases, covenants not to sue, agreements, contracts, letters, telegrams, correspondence and memoranda, and any and all other documents and written instruments of whatsoever kind or nature leading up to, related to, or in any wise connected with the dismissal from this action of the defendants, Paramount Film Distributing Corporation, Loew's Incorporated, Twentieth Century-Fox Film Corporation, Warner Bros. Pictures Distributing Corporation, RKO Teleradio Pictures, Inc., United Artists Corporation, Universal Film Exchanges, Inc., and Columbia Pictures Corporation, which said dismissal was by Order of the Honorable J. Robert Martin, Jr., dated April 9, 1964, upon motion of the plaintiff, consented to by Counsel of Record for the said defendants, Paramount Film Distributing Corporation, et al, but without notice to this defendant."

In other words, movant, defendant Pastime, wants to inform itself concerning the negotiations between plaintiffs and the distributor defendants which culminated in the execution of a covenant not to sue.

In their argument and in their briefs counsel for plaintiffs note their willingness to produce for inspection and copying the covenant not to sue. They also express willingness to disclose that the consideration for the covenant not to sue was $42,500. They allege that the remainder of Pastime's request is without merit. Presuming that plaintiffs will perform as they have promised, the remaining contentions will be considered.

It must be noted primarily that in private treble-damage anti-trust actions, exactly as in other tort actions, a general release of one alleged tort-feasor will release all other alleged tort-feasors. Dura Electric Lamp Co. v. Westinghouse Electric Corp., 249 F.2d 5, 6 (3rd Cir. 1957). A true covenant not to sue, however, has no such effect; instead, the amount paid for the covenant not to sue operates simply to reduce the amount recoverable from any other joint tort-feasors. McWhirter v. Otis Elevator Co., 40 F.Supp. 11, 13 (W.D.S.C.1941).

The label which the parties give to an instrument of "settlement" is not controlling as to whether such instrument is a covenant not to sue or a true release, nor is the terminology used necessarily controlling. But, if an instrument shows clearly and unambiguously the agreement of the parties, then ancillary explanation is unnecessary. See 76 C.J.S. Release § 50c, p. 694 and cases cited. Cf. Massey v. Brown, 4 S.C. 85, 94–95.

This Court is reluctant to ask a lawyer who represents a litigant to open his files and disclose the correspondence, memoranda, and other evidence which reflects the negotiations leading up to the "settlement." This statement is made with the full realization that the discovery rules under Rule 34 are to be liberally construed. See Chitty v. State Farm Mutual Auto. Ins. Co., 36 F.R.D. 37 (E.D.S.C.1964); and Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

Piecemeal justice is easily susceptible of becoming injustice, but the important considerations here impel this Court to move slowly, perhaps haltingly, because this Court considers a lawyer's files a sanctuary.

Accordingly, plaintiff will turn over to movant a true copy of the purported covenant not to sue with a certification as to the true consideration therefor, and movant is granted leave to apply to this Court, in accordance with Rule 34, for further discovery if the true nature of the settlement does not appear on the face of the agreement, clearly and unambiguously, when read in the light of the certification as to consideration

And it is so ordered.