Donice **O'BOYLE**, Plaintiff.

v.

**LIFE INSURANCE CO. OF NORTH AMERICA, Defendant.**

Civ. A. No. 17294-3.

United States District Court W. D. Missouri, W. D.

April 29, 1969.

Warren E. Slagle, Slagle & Bernard, Ben R. Swank, Jr., Kansas City, Mo., for plaintiff.

Don M. Jackson, Jackson & Sherman, Logan & Cope, Kansas City, Mo., for defendant.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR INSPECTION AND COPYING OF DOCUMENTS SUBMITTED FOR IN CAMERA INSPECTION BY COURT

BECKER, Chief Judge.

■ In this action plaintiff seeks recovery upon a contract of insurance against accidental death, and recovery of penalties and attorneys' fees for vexatious refusal to pay pursuant to Missouri's penalty statute Section 375.420, RSMo. The claim is that the insured suffered an accidental mortal gunshot wound. Under governing Missouri law the primary defense must be based on alleged suicide while sane. Suicide while insane is considered an accident. Lemmon v. Continental Cas. Co., 350 Mo. 1107, 169 S.W.2d 920, and cases therein cited.

On plaintiff's motion for inspection of the defendant's claim file the insurer was directed to submit, for *in camera* inspection by the Court, the portions thereof claimed to be immune from discovery. The following documents have been submitted:

1. Transcript of an ex parte question and answer statement of Edward T. Lonergan and Kathleen K. Stabb secured August 14, 1968, less than three months after the death of the insured. These witnesses were on the scene of the shooting in a very few minutes after the shooting, and made detailed statements concerning extremely important evidence and the Lonergan statement contains spontaneous interjections of importance from Mrs. Lonergan. These statements would be difficult to reproduce in detail at this time.

2. Copies of Retail Credit Company reports which contain material and support inferences favoring plaintiff's claims for penalties.

3. Letter from Occidental Life of July 17, 1968, essentially an inquiry for confidential information containing no statement of relevant facts.

4. Home Office Memorandum from W. E. Delaney to Claims Service Manager, Seattle, of February 4, 1969, directing denial of claim, notification of the decision and discussing the reasons for denial, including knowledge of the Missouri rule on suicide as a defense to an accidental death claim.

The defendant's counsel concedes that none of the documents are protected by the attorney-client privilege. The defendant does however oppose the motion on the grounds of the work product doctrine, and the failure of plaintiff to show sufficient cause for an order for inspection and copying. The order will be granted in respect to items (1), (2) and (4) above and denied in respect to item (3) above.

■ The reasons for granting the order in respect to the transcripts, item (1), are as follows: (a) these statements are detailed statements of detailed observances while the memory of the witnesses was relatively fresh and not likely to be reproduced in an interview eleven or more months later; (b) these statements constitute an important portion of the information considered in denial of the claim, and good cause exists

for their production and inspection on both the issue of accidental death and vexatious refusal to pay. They are relevant, not privileged and calculated to lead to discovery of admissible evidence, and may themselves be admissible in evidence, at least on the issue of vexatious refusal to pay. Jones v. Atlanta Life Ins. Co., Mo.App., 247 S.W.2d 314.

■ In respect to item (2) not only are the credit company ratings discoverable as relevant and calculated to lead to the discovery of admissible evidence but are ordinarily admissible on the issue of vexatious delay. See Toler v. Atlanta Life Ins. Co., Mo.App., 248 S.W.2d 53; Scott v. Missouri Insurance Co., 361 Mo. 51, 233 S.W.2d 660. Good cause for their discovery exists.

■ The issue is more sensitive in respect to item (4) which contains thought process of tactics and strategy of a claims officer in denying the claim. Nevertheless, there is no privilege (see 8 Wigmore, Evidence § 2285 (3d Ed. 1940)). The matter is relevant, and perhaps admissible on the vexatious refusal issue. It is further calculated to lead to the discovery of admissible evidence. In this case good cause exists because it is discoverable at least on the issue of vexatious delay, it describes the thought processes and basis of the decision to deny the claim and thus it would be unjust not to allow discovery. Opinions of agents of parties are discoverable where denial of production of such would cause injustice to the discovering party's case. Southern Railway Co. v. Lanham (C.A.5) 403 F.2d 119. These are material to reasonableness and good faith of the refusal to pay. Cf. Moore's Federal Practice ¶ 26.23 [3], p. 1336.

It is therefore

Ordered that the plaintiff's counsel be, and he is hereby, authorized to inspect and copy items (1), (2) and (4) above. It is further

Ordered that plaintiff's motion to inspect and copy item (3) above be, and it is hereby, denied.