Steven L. **SMEDLEY**

v.

The **TRAVELERS INSURANCE COMPANY.**

**Civ. A. No. 3337.**

United States District Court,
D. New Hampshire.

Nov. 29, 1971.

---◆---

Paul McEachern, Shaines, Madrigan & McEachern, Portsmouth, N. H., for plaintiff.

Irving H. Soden, Sulloway, Hollis, Godfrey & Soden, Concord, N. H., for defendant.

### RULING ON PLAINTIFF'S APPLICATION FOR AN ORDER TO COMPEL DISCOVERY

BOWNES, District Judge.

This case involves an automobile accident in which the driver of the defendant's car was an agent and employee of the defendant insurance company, and on company business at the time of the accident. The original discovery request asked for:

1. All photographs and/or motion pictures taken by you or on your behalf of: the accident scene; the automobile of your employee, James Sullivan; the motorcycle of the plaintiff; the plaintiff.

2. Statements taken by you or on your behalf from witnesses, employees or other persons in connection with your investigation of this case.

3. Inter-office memoranda concerning this accident.

Defense counsel has agreed to furnish plaintiff's counsel with items 1 and 2. Item 3, the inter-office memoranda, is the subject of this order.

At the hearing on the motion to compel discovery, the assistant claims manager of the defendant company testified that there are inter-office memoranda concerning this case devoted almost exclusively to expressions of opinions as to value and liability.

Section (b) (1) of F.R.Civ.P. 26 provides:

(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

It seems clear that expressions of opinion by the defendant company as to liability and settlement value of the case would, under no circumstances, be admissible at the trial, and it does not appear that such memoranda are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's counsel suggests that discovery of the memoranda may result in material that might be used as admissions at the trial. Since the basic function of the jury in such a case as this is to determine the question of liability and damages, any expressions of opinion on either or both subjects would not only not be binding on the jury, but could not even be used as

a guide. The potential for prejudicial harm to the defendant is apparent.

The inter-office memoranda are certainly relevant to the subject matter, but since the information sought would be inadmissible at the trial and in no way appears reasonably calculated to lead to the discovery of admissible evidence, I rule that the inter-office memoranda are not within the scope of F.R.Civ.P. 26 (b) (1).

F.R.Civ.P. 26(b) (3) has to do with discovery of documents and tangible things prepared in anticipation of litigation or for trial. In part, it provides that:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

It can be fairly inferred that the memoranda were prepared in anticipation of litigation. In order to obtain the material, the plaintiff must make a showing that he has substantial need of the material in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the material by other means. Clearly, this the plaintiff is unable to do.

Furthermore, the precise language of the last quoted sentence of 26(b) (3) precludes discovery of this material. The memoranda is concerned only with mental impressions, conclusions, and opinions. I, therefore, rule that the memoranda is not discoverable under 26(b) (3).

Plaintiff's counsel has cited several cases in which discovery of inter-office memoranda was allowed. In O'Boyle v. Life Insurance Co. of North America, 299 F.Supp. 704 (W.D.Mo.1969), discovery of insurance company memoranda was allowed in an action for vexatious refusal to pay an insurance claim where the memo described "the thought processes and basis of the decision to deny the claim. * * *" At page 706. *Accord* Bourget v. Government Empire Insurance Co., 48 F.R.D. 29 (D.Conn.1969). Contra LaRocca v. State Farm Mutual Automobile Insurance Co., 47 F.R.D. 278 (W.D.Pa.1969), where the file was voluminous and consisted largely of work product. Discovery of insurance company documents was allowed in Chitty v. State Farm Mutual Automobile Insurance Co., 36 F.R.D. 37 (E.D.S.C.1964), where the suit was for negligence and bad faith in failing to settle an earlier suit brought against the plaintiff:

> Whether State Farm properly investigated the case, whether it sought and followed advice and recommendation of its agents, adjusters and attorneys, are facts which are surely relevant to the issue of its negligence, * * * and bad faith in not settling the prior case. At page 40.

The plaintiff could not prove bad faith without examining the memoranda.

The facts of Merrin Jewelry Co. v. St. Paul Fire and Marine Insurance Co., 49 F.R.D. 54 (S.D.N.Y.1970), make it clear why inter-office memoranda were ruled discoverable. After a robbery of its store, plaintiff made a loss claim to defendant insurance company. The de-

fendant sent auditors to check on the plaintiff's books and conduct an inventory; plaintiff's officers were examined by an attorney for the defendant. As a result, the defendant notified plaintiff that it deemed the policy void because of plaintiff's misrepresentations. Plaintiff brought suit in the Federal Court and sought production of: (1) letter from defendant's accountant to defendant; (2) second letter; (3) a letter from defendant's accountant to its attorney; (4) a letter from the named attorney to the defendant concerning the investigation; and (5) reports, recommendations, and decisions respecting the claims of loss. Except for one item, production of all documents was ordered "because they are likely to supply evidence or leads to evidence as to the materiality of the misrepresentations with which defendant has charged plaintiff, * * *" At page 57.

The cases cited by the plaintiff are inapposite to the facts of this case. This is a tort action for negligent operation of an automobile. Unless the memoranda contain facts relative to the investigation of the accident and the conduct of the driver of the defendant's car prior to and at the time of the accident, plaintiff should not have access to them.

This request is an obvious attempt by plaintiff's counsel to get material to use as a lever for settlement. While I am always interested in the expeditious settlement of cases, it would be unfair to allow the plaintiff access to the defendant's opinions as to the issues of liability and damages when such opinions would be inadmissible in evidence and are not reasonably calculated to lead to the discovery of admissible evidence. Simply put, these inter-office memoranda are none of the plaintiff's business.

The plaintiff's motion as to item 3 in its request for production of documents is denied.

So ordered.