**TRONITECH, INC.**

v.

**NCR CORPORATION.**

**No. IP83–1901–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 19, 1985.

Bruce M. Pennamped, Forbes, Kias & Pennamped, P.C., Indianapolis, Ind., for Tronitech, Inc.

Theodore R. Boehm, Joe C. Emerson, Robert K. Stanley, Baker & Daniels, Indianapolis, Ind., for NCR Corp.

ENTRY

JOHN PAUL GODICH, United States Magistrate.

This cause comes before the Court on the plaintiff's Verified Motion to Compel Production of Documents and the defendant's Memorandum of NCR in Opposition to Motion to Compel Production of Documents. The defendant submitted the document in question for the Court's *in camera* inspection. The Court, having considered the foregoing and being duly advised, now denies the plaintiff's motion.

This is an anti-trust action in which the plaintiff, Tronitech, claims that the defendant, NCR, has unfairly interfered with Tronitech's business. The document in question in Tronitech's motion to compel is an audit letter prepared in March of 1984 by NCR's then-counsel, John Cromer. NCR's accounting firm asked Cromer to prepare a legal opinion concerning the financial implications of this law suit. The accounting firm required this opinion, called an audit letter, in order to complete its financial audit of NCR. Tronitech has sought to discover this audit letter. The issue, then, is whether an audit letter concerning the potential financial implications of a law suit is discoverable by the opposing party in that law suit. We find that the audit letter is, first, not legally relevant and second, protected work product and that it is therefore not discoverable.

1. *Re Legal Relevancy*

The audit letter would not be admissible at trial, nor is it reasonably calculated to lead to the discovery of admissible evidence. The Court has reviewed the document submitted in camera and determined that it did not contain any factual references which would be discoverable. Rather, it

is precisely what it purports to be, an opinion. An attorney's opinion as to liability or settlement value of a case would not be admissible at trial, *Smedley v. Travelers Insurance Co.*, 53 F.R.D. 591 (D.N.H.1971). Indeed, the expression of such opinion would not be proper argument, A.B.A. Model Code of Professional Responsibility, Disciplinary Rule 7–106(C)(4). Neither is there anything in this opinion which conceivably would lead to admissible evidence. Consequently, the plaintiff's request is not within the limits of Fed.R.Civ.P. 26(b)(1) which defines the scope of discovery in general.

### 2. *Re Work Product*

■ Even if the audit letter were shown to be legally relevant, it is protected from discovery by the work product exception codified at Fed.R.Civ.P. 26(b)(3).

The concept underlying the work product doctrine is traceable to *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, where the Court stated that "... preparation of a client's case demands that [the attorney] assemble information, sift what he considers the relevant from the irrelevant facts, prepare his legal theories and plan his legal strategies without undue and needless interference," 329 U.S. at 511, 67 S.Ct. at 393. Some limitations on discovery of this work product were held to be necessary in the interests of justice. This concept was codified at Fed.R.Civ.P. 26(b)(3) in 1970. The Advisory Committee observed that the necessity of a special showing for discovery of trial preparation materials "reflects the view that each side's informal evaluation of the case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side," 48 F.R.D. 487, 501. While so-called "ordinary" trial preparation materials are discoverable upon a showing of substantial need, "opinion" work product reflecting the mental impressions conclusions, opinions and legal theories of attorneys receives special protection under Rule 26(b)(3). The Court is directed by the rule to protect against disclosure of such opinion work product. Such material will be disclosed, if at all, only under extraordinary circumstances. *In Re Murphy*, 560 F.2d 326 (8th Cir.1977), as when the activities of counsel are directly at issue, *United States v. Exxon Corp.*, 87 F.R.D. 624, 627, 639 (D.C.C.1980).

Given the fact that the adversary system is committed to maintaining the privacy of the attorney's thought processes *Sporck v. Peil*, 759 F.2d 312 (3rd Cir.1985), the letter in question here which is comprised solely of an attorney's opinion, would seem to be protected. There are two problems, however. First, work product protection is only for materials "... prepared in anticipation of litigation or for trial...," Fed.R. Civ.P. 26(b)(3). Second, the protection does not apply to materials prepared in the ordinary course of business or otherwise for some purpose not primarily concerned with litigation. Comments of Advisory Committee, 48 F.R.D. 487 at 501, *Binks Manufacturing Co. v. National Presto Industries*, 709 F.2d 1109 (7th Cir.1983). An audit letter is not prepared in the ordinary course of business but rather arises only in the event of litigation. It is prepared because of the litigation, and it is comprised of the sum total of the attorney's conclusions and legal theories concerning that litigation. Consequently, it should be protected by the work product privilege.

Although there is a paucity of case law on the subject, we note that two cases which appear to be closely related to this issue reached the opposite result. Both involve the enforcement of an administrative subpoena rather than discovery per se. In *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir.1982) the Internal Revenue Service sought enforcement of an administrative subpoena for the defendant company's tax pool analysis; the tax pool analysis was a summary of El Paso's contingent liability for additional taxes should it ultimately be determined that the company owed more than it had stated on its return.

The Court of Appeals determined that it was not necessary to consult an attorney to prepare a tax pool analysis and that the tax

pool analysis in question was not prepared for any pending or future litigation and hence was not protected by the work product doctrine. Thus, *El Paso* is factually distinguishable from the case at bar.

In *United States v. Gulf Oil Corp.,* 760 F.2d 292, 1 Fed.R.Serv.3d 528 (Temp. Emerg. CA 1985) and in *United States v. Arthur Young,* 1 Fed.R.Serv.3d 448 (N.D. Ok.1984), the Department of Energy sought to enforce an administrative subpoena to obtain certain documents prepared by Cities Service Oil Co. and now in possession of defendants Gulf Oil and the Arthur Young accounting firm. Prior to these actions, Cities Service had sued the Department of Energy for a declaratory judgment concerning the legality of certain pricing policies but the case was dismissed for want of ripeness. The documents in question were audit letters pertaining to the possible impact of the suit for declaratory judgment. Subsequently the Department of Energy decided to investigate Cities Service pricing practices and attempted to obtain these audit letters. The Department first sought enforcement in the Southern District of Texas, but the Court declined. The Department appealed the Texas decision to the Temporary Emergency Court of Appeals and also, in an impressive display of forum shopping, sought to obtain enforcement of an administrative subpoena in the District Court of Oklahoma for the same documents against the Arthur Young accounting firm. The Department lost in Oklahoma but won in the Temporary Emergency Court of Appeals.

The Temporary Emergency Court of Appeals decision rests on the theory that "prepared in anticipation of litigation" means created in order to assist in litigation (Fed. R.Serv.3d at 535). The Oklahoma District Court opinion is based on the principles and purposes underlying the work product doctrine, 1 Fed.R.Serv.3d at 450. We find the reasoning of the latter ruling more persuasive.

The plaintiff contends that if the audit letter is privileged from discovery, that privilege was waived by disclosing the letter to the accountants. The attorney-client privilege may be waived by disclosure to third parties because it rests on the confidentiality of the communication. The work product doctrine, on the other hand, is intended only to prevent disclosure to the opposing counsel and his client, so it is not ordinarily waived by disclosure to third parties, 8 Wright and Miller, *Federal Practice and Procedure,* § 2025, 209–10. In any case, communication between accountant and client are privileged under Indiana law, I.C. 25–2–1–23, and audit letters are produced under assurances of strictest confidentiality, see A.B.A. Statement of Policy Regarding Lawyer's Responses to Auditors' Requests for Information ¶ 7 (Dec. 1975) reprinted in 31 Bus.Law 1709 (1976). There is no basis for the contention that the defendant waived protection of the work product doctrine. The client as well as the attorney may assert work product protection, *In Re Special September 1978 Grand Jury,* 640 F.2d 49, 63 (7th Cir.1980). Consequently, Tronitech's argument that NCR may not object to producing the audit letter because the letter was produced by its former counsel is without merit.

In summary, we conclude that the audit letter in question is without legal relevance to the case and is protected under the work product doctrine. Consequently, plaintiff's motion to compel discovery must be denied.