James H. CANEL, on behalf of himself, and all others similarly situated, Plaintiff,

v.

LINCOLN NATIONAL BANK, River Forest Bancorp, Inc., Robert J. Glickman, Leona A. Gleason, David H. Johnson, III, and Terence W. Keenan, Defendants.

No. 96 C 6595.

United States District Court, N.D. Illinois, Eastern Division.

April 30, 1998.

---

Arthur T. Susman, Susan Beth Shulman, Robert Jerald Emanuel, Susman & Watkins, Chicago, IL, for Plaintiff.

Paul Thaddeus Fox, Thomas P. White, Julie Lynn Schulz, Holleb & Coff, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Presently pending before this court is Plaintiff Class' motion to compel testimony and to compel production of documents. For the reasons set forth below, this court denies the motion.

### RELEVANT BACKGROUND

This lawsuit arises out of a cash-out merger of Lincoln National Bank ("Lincoln") into Aetna Bank ("Aetna"), now known as Corus Bank ("Corus"). Class Plaintiff was a minority shareholder in Lincoln. In connection with the merger, the directors of Lincoln sent Plaintiff and the other minority shareholders of Lincoln an Informational Statement notifying them, among other things, of the merger and the $500 per share cash-out price. On October 8, 1996, Plaintiff filed suit against Lincoln, its majority shareholder and its directors alleging that the Information Statement was fraudulent and misleading and that the $500 per share cash-out price was not a fair price.

On October 6 and 7, 1997, Plaintiff's counsel deposed Robert J. Glickman ("Glickman") and David H. Johnson, III ("Johnson"). Prior to the merger, Glickman was President and CEO of Defendant River Forest Bancorp, Inc. (Lincoln's majority shareholder) and President and a director of Lincoln. Johnson was President of Aetna, Executive Vice President of River Forest and a director of Lincoln. Glickman and Johnson testified at their depositions that they determined the $500 cash-out price together and recommended it to the Lincoln Board of Directors, who approved it. Glickman and Johnson identified Larry Wyrobek and Jay Kaun as the only other Lincoln bank officers who participated in setting the $500 cash-out price. (Glickman Dep. at 7, 19–30; Johnson Dep. at 9–10, 22–23.)

On October 30, 1997 and January 16, 1998, Plaintiff's counsel deposed Scott Mitchell ("Mitchell"), Assistant Vice President of Corus Bank. Although Mitchell was employed by Lincoln at the time of the merger, it is undisputed that he was wholly uninvolved in the merger and, in particular, was not in any

way involved with the subject cash-out price or the setting of same. (Mitchell Dep. at 30.)

In August of 1997, after commencement of the litigation, Mitchell prepared a memorandum at the direction of Tim Taylor ("Taylor"), Vice President of Corus, to assist in assessing litigation risks. (*See* Mitchell Dep. at 48–49.) This memorandum, and a prior draft, are at issue in this motion to compel (and are referred to collectively by this court for purposes of this opinion as "Document A").

On October 1, 1997, Defendants provided Plaintiff with a privilege log that designated Document A as privileged work product. The privilege log describes the documents as follows:

| Date | Document Description | Author(s) | Recipient(s) | Privilege Claimed |
| --- | --- | --- | --- | --- |
| 8/4/97; updated 8/7/97 | 7–page memorandum analyzing various valuation methods for LNB stock which might be used in minority shareholder suit and possible exposure created by each method | Scott Mitchell | Tim Taylor and Dave Johnson | Work Product |
| 8/28/97; updated 9/2/97 | 8–page memorandum analyzing legal, factual, and financial issues raised by minority shareholder suit | Scott Mitchell | Tim Taylor and Dave Johnson | Work Product |

---

### PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion to compel seeks production of Document A. Plaintiff argues that Defendant waived work product protection with respect to Document A by allegedly having produced some privileged documents relating to the same subject matter as Document A. Relatedly, Plaintiff argues that Mitchell should be compelled to answer certain questions propounded to him during his deposition.

### ANALYSIS

### I. SUBJECT MATTER WAIVER OF DOCUMENT A.

Plaintiff initially contends that Defendants have waived work product protection with respect to Document A and that Document A should, therefore, be produced. Plaintiff asserts that, here, Defendants have produced certain privileged documents relating to the same subject matter as Document A and thereby have waived any work product protection for Document A. Plaintiff maintains that a party that produces some privileged documents waives that protection with re-

spect to all other documents pertaining to the same subject matter, citing *Neal v. Honeywell*, No. 93 C 1143, 1995 WL 591461, at *6 (N.D.Ill. Oct. 4, 1995).

At the threshold, Defendants argue that Document A consists of "opinion" work product and that subject matter waiver is not applicable to such "opinion" work product.[1] This court agrees.

Although Plaintiff correctly notes that, under certain circumstances, the production of some privileged documents waives privilege as to all documents of the same subject matter, that rule is not absolute. Most notably here, courts have consistently held that there exists no subject matter waiver for the kind of work product expressly defined in Fed.R.Civ.P. 26(b)(3) as "the mental impressions, conclusions, opinions, or legal theories of an attorney *or other representative of a party* concerning the litigation" (which is commonly termed "opinion" work product). (Emphasis added.) *See, e.g., Neal v. Honeywell, Inc.*, No. 93 C 1143, 1995 WL 591461, at *7 (N.D.Ill. Oct. 4, 1995); *Abbott Labs. v. Airco, Inc.*, No. 82 C 3292, 1985 WL

1. Defendants also, alternatively, argue that they did not waive work product protection with respect to Document A.

3596, at *8 (N.D.Ill. Nov. 4, 1985); *Nye v. Sage Prods.*, 98 F.R.D. 452, 454 (N.D.Ill. 1982).

Document A contains such "opinion" work product.[2] Mitchell was not in any way involved in the valuation of the stock at the time of the subject merger. Mitchell prepared Document A after Plaintiff filed this lawsuit for the sole purpose of assessing the risks of litigation. According to Defendants and the privilege log, Document A consists of Mitchell's opinion analysis of bank stock valuation methods for the purpose of assessing the merit of Plaintiff's claim that $500 was an unfair price.[3]

▮ Plaintiff attempts to distinguish this case by arguing that "opinion" work product protection "concerns only an *attorney's* mental impressions, conclusions, opinions and legal theories." (Pl. Reply at 4, emphasis added.) Although Plaintiff correctly notes that the cases cited by the parties concern an attorney's "opinion" work product, the distinction alleged by Plaintiff was not raised or addressed in those cases and nothing in those cases in any way intimates that such protection would not extend to the "opinion" work product of a party's representative. In fact, Rule 26(b)(3) expressly defines so-called "opinion" work product as "the mental impressions, conclusions, opinions, or legal theories of an attorney *or other representative of a party* concerning the litigation." (Emphasis added.) *See also Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 n. 4 (7th Cir.1996). And other courts considering this issue have held that "opinion" work

product protection extends to a party's representative. *See, e.g., Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1219 (4th Cir.1976); *Smedley v. Travelers Ins. Co.*, 53 F.R.D. 591, 592–93 (D.N.H.1971).

▮ In sum, this court finds that Document A consists of "opinion" work product regarding this litigation by a "representative" of a party defendant and is therefore immune from same subject matter waiver of the document's work product protection.[4]

Plaintiff's motion to compel production of Document A is therefore denied.

## II. PLAINTIFF'S ARGUMENTS TO COMPEL TESTIMONY.

Plaintiff also seeks to compel Mitchell to answer certain deposition questions propounded to him.

In preface, as stated, Mitchell has no personal knowledge of the underlying facts in issue in this case. Mitchell had no involvement whatsoever in either the subject merger or the determination therein of the $500 cash-out price. (Mitchell Dep. at 30.) Prior to performing the litigation analysis contained in Document A, Mitchell had never previously analyzed bank stocks. (*Id.* at 34–37.) All that Mitchell knows about bank stocks is contained in Document A. (*Id.* at 89.)

▮ As seen, work product privilege protection exists for Document A. The court has reviewed all the deposition questions to Mitchell that are the subject of Plaintiff's

---

**2.** Parenthetically, this point is not disputed by the parties.

**3.** It appears that the facts upon which Document A relies consist of financial information already provided to Plaintiff.

**4.** In addition, even if, *arguendo*, Document A did not contain "opinion" work product, this court would not find that Defendants waived its work product protection under the circumstances here. Plaintiff argues that Defendants waived their work product protection with respect to Document A because Defendants produced two other documents (referred to as "CBI 5058–59" and "CBI 5060") allegedly containing privileged material regarding the "same subject matter" as Document A.

This court's review of documents CBI 5058–59 and CBI 5060, however, discloses that the documents do not contain privileged material of the "same subject matter" as Document A. Document CBI 5058–59 compares the return on investment received by shareholders of Lincoln between May 1984 and the merger date to the return on investment of the S & P money centers banks index and the S & P major regional banks index. Document CBI 5060 details Lincoln's adjusted net income. The court finds that Documents CBI 5058–59 and CBI 5060 merely comprise factual financial information, and fact work product, consisting essentially of compilations of available financial data. As such, production of documents CBI 5058–59 and CBI 5060 did not waive the work product protection of Document A.

motion to compel testimony. Upon review, the court finds that the questions all pertain to Mitchell's mental processes, theories, conclusions and opinions contained in privileged Document A. As Document A is privileged work product, deposition testimony regarding its contents is also privileged. "Subject matter that relates to the preparation, strategy, and appraisal of the strengths and weaknesses of an action ... is protected regardless of the discovery method employed." *Hashim v. First Nat'l Bank of Chicago*, No. 86 C 2696, 1991 WL 62504, at *4 (N.D.Ill. April 17, 1991).

### *CONCLUSION*

In view of the foregoing, Plaintiff Class' motion to compel testimony and to compel production of documents is denied.