SARAH ROBARGE ET AL. *v.* PATRIOT
GENERAL INSURANCE COMPANY

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 393211
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed April 9, 1992

*Sorokin, Sorokin, Gross, Hyde & Williams,* for the plaintiffs.

*Howard, Kohn, Sprague & Fitzgerald,* for the defendant.

HAMMER, J. The plaintiffs have brought this action against the defendant claiming that it breached its duty and acted in bad faith when it failed to settle a personal injury action that they had brought against the defendant's insured. Having been subrogated to the rights of the insured under General Statutes § 38-175 (now General Statutes § 38a-321), the plaintiffs allege that the defendant's failure adequately to investigate

their claims against the insured resulted in a judgment in excess of the insured's policy limits and they seek to recover the full amount of that judgment in the present action.

While the underlying action was pending, and prior to trial, counsel for the plaintiffs in that action, by letter dated October 1, 1990, advised Mary Ann Rooney, the defendant's adjuster, that he was prepared to accept the sum of $20,000, the limit of the liability policy, on the condition that he receive it within ten days of the date of the letter. He stated that if the offer was not accepted, the defendant "will have ignored two opportunities to settle this case within the policy limits" and that the plaintiffs would then pursue their statutory right of subrogation. The underlying case went to trial and, on January 14, 1991, judgment was rendered in the amount of $149,983.

After the present action was instituted, Rooney's deposition was taken by the plaintiffs on November 22, 1991; just prior to its conclusion the plaintiffs' attorney asked her what had happened at a meeting on February 7, 1991, in which she and other agents representing the defendant, including Ciro Fei, participated. Counsel for the defendant objected and instructed Rooney not to answer that question "because it was a meeting, as I understand it, after a threat of litigation in anticipation of this litigation so I believe it to be a privileged communication [in that it was a] meeting in anticipation of this litigation, among corporate persons in the same corporate entity."

The plaintiffs have filed a motion to compel Rooney, the deponent, to "testify further by way of deposition concerning conversations and discussions in which she participated with other employees of the Defendant on February 7 . . . concerning the investigation, adjustment and defense of the claim which gave rise to this action."

Under Practice Book § 218, a party may obtain "discovery of information . . . material to the subject matter involved in the pending action, which [is] not privileged . . . and which [is] within the knowledge, possession or power of the party or person to whom the discovery is addressed." Questions put to a deponent concerning the circumstances of a meeting involving agents and employees of the other party to the action clearly seek the discovery of facts rather than "documents and tangible things" and are, therefore, not protected from discovery as work product under rule 26 of the Federal Rules of Civil Procedure. *Feldman* v. *Pioneer Petroleum, Inc.,* 87 F.R.D. 86, 89 (D. Okla. 1980).

The defendant concedes that the plaintiffs have correctly stated that the prohibition contained in Practice Book § 219 against the disclosure of the "mental impressions, conclusions, opinions, or legal theories of an attorney *or other representative of a party* concerning the litigation" applies only to "documents and tangible things"; (emphasis added); but argues that the work product rule should nevertheless apply to the preparation, strategy and appraisal of the strengths and weaknesses of an action and protect such information from disclosure even though it may be in oral rather than written form. The defendant asserts that the plaintiffs are attempting to discover the defendant's "strategy and appraisal of the strength and weakness of *this* action [rather than] the events that gave rise to the Plaintiffs' claim, all of which had occurred by the time the excess verdict was reached in January of 1991." (Emphasis added.)

It should be noted first that the plaintiffs' motion is limited to "conversations and discussions" in which Rooney participated "concerning the investigation, adjustment and defense of the claim that gave rise to this action." Bad faith actions against an insurer, like

actions by a client against his attorney, by their very nature "can only be proved by showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action that it did." *Brown* v. *Superior Court In & For Maricopa County*, 137 Ariz. 327, 336, 670 P.2d 725 (1983).

In order for the plaintiffs to establish that the defendant acted in bad faith and breached its fiduciary duty to its policyholder, they must show whether it sought and followed the advice and recommendation of its agents, adjusters and attorneys. Therefore all such information is relevant and good cause has been established for its production. *Chitty* v. *State Farm Mutual Automobile Ins. Co.*, 36 F.R.D. 37, 40 (D.S.C. 1964). In a diversity action brought pursuant to § 38-175, the United States District Court, citing *Chitty* v. *State Farm Automobile Ins. Co.*, supra, has held that neither the work product rule nor the attorney-client privilege prevents the disclosure of relevant documents and information in the insurer's files. *Bourget* v. *Government Employees Ins. Co.*, 48 F.R.D. 29, 33 (D. Conn. 1969); see also *Waste Management, Inc.* v. *International Surplus Lines Ins. Co.*, 144 Ill. 2d 178, 579 N.E.2d 322, 330 (1991).

For the foregoing reasons, the plaintiffs' motion to compel is granted, and Rooney, the deponent, is ordered to testify further by way of deposition concerning conversations and discussions in which she participated with Fei, another employee, on February 7, 1991, concerning the investigation, adjustment and defense of the claim which gave rise to the present action.