[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR COMPLIANCE
This is a bad faith claim brought by the policyholder against the insurer relative to a fire loss at the residence of the policyholder. The plaintiff policyholder has filed a request for production asking that various items from the defendant company's file be turned over to plaintiff's counsel. The parties have agreed that I should examine certain documents from the insurer's file in camera.
The understanding is that I should order those documents which I consider "relevant" to the policyholder plaintiff's suit turned over to his lawyer. At this time it is my understanding that I am not to consider the application of the work product rule (§ 219 Practice Book) or the attorney-client privilege — I should only concern myself with the issue of relevance.
The case of Robarge v. Patriot General Insurance Co.,7 CSCR 551 (1992) held that in fact neither the work product rule or the attorney-client privilege prevented the disclosure of relevant documents and information in the insurer's file in this type of action. Ancillary to the court's holding was its view that a bad faith action can in fact only be proved by allowing the plaintiff insured access to the insurer's file. In a case cited in Robarge
the court said:
 "No matter how the test is defined, bad faith is a question of reasonableness under the circumstances . . . . The portions of the claims file which explained CT Page 5252-HHHH how the company processed and considered (the insured's claim) and why it rejected the claim are certainly relevant to these issues.
 Further, bad-faith actions against an insurer, like actions by client against an attorney, patent against doctor, can only be proved by showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action it did. The claims file is a unique, contemporaneously prepared history of the company's handling of the claim; in an action such as this the need for information in the file is not only substantial but overwhelming", Brown v. Superior Court, 670 P.2d 725, 734 (Ariz., 1983).
Also see Chitty v. State Farm Mutual Automobile Ins. Co.,36 FRD 37, 40 (1964), Shaporo v. Allstate Ins. Co., 44 FRD 429, 430
(1968), Bourget v. Government Employees Ins. Co., 48 FRD 298, 32 (1969). At the time the insured makes his claim and while it is being processed the insurer stands in a fiduciary relationship to the insured. When a dispute later breaks out between the two, it is difficult to understand how information contained in the insurer's file concerning the claim would not be relevant.
The documents submitted to me were created by the insurer after the bad faith claim was filed by the insurer. Given this temporal context the relevance of any particular document or portion thereof should depend on (1) whether they reflect a historical narrative of positions relative the claim taken by the insurer when the claim was being made and considered and (2) present attitudes of the insurer which seem to be of such a nature that they in all likelihood reflected the insurer's attitude to this claim or claims of this type when it was being made and considered.
I do not believe information contained in these documents reflecting possible litigation tactics, evaluation of court procedures and participants involved in litigation or present views as to what the case should settle for in light of litigation having being brought are "relevant" and subject to discovery nor do I believe litigation expenses incurred by the insurer should be disclosed as relevant information.
Also I am concerned that an internal communication between a CT Page 5252-IIII Mr. Walsh and a Mr. Harrington, written after litigation commenced, contains attorney-client privileged information. But I believe the second sentence of the second paragraph is not privileged and should be released according to the above mentioned guidelines.
What I intend to do is enclose copies of all the documents sent to me in an envelope to be marked sealed and have that placed in the file. I will then prepare a packet of the documents I believe should be turned over to plaintiff's counsel and send that packet to defense counsel. In that packet will be a redacted version of the communication I believe may contain privileged material.
At the same time I will mail to plaintiff's counsel the material I believe he is entitled to receive. I will hold back the one document referred to in the preceding paragraph. I would appreciate it if defense counsel would then write me within one week indicating as to that one document if he wishes further argument on the theory that even the document as redacted violates the privilege or indicating he has no objection to its being released in this redacted version. If the latter is the case I will then mail this document to plaintiff's counsel. I should also say that according to the guidelines I have set and, leaving aside the attorney-client privilege question, I believe only the document as redacted is relevant in any event, given the litigation status of this matter.
Thomas Corradino, Judge.