**NATIONWIDE MUTUAL FIRE INSURANCE CO., Plaintiff,**

v.

**Todd and Rosemarie SMITH, Defendants.**

**Todd SMITH, et al., Plaintiffs,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE CO., Defendant.**

**Nos. 3:96 CV 1838(RNC), 3:96 CV 2035(RNC).**

United States District Court, D. Connecticut.

July 21, 1997.

Joel J. Rottner, Skelley Rottner, P.C., Hartford, CT, for Plaintiff.

Jon David Biller, Biller Law Firm, North Haven, CT, for Defendant.

### RULING ON PLAINTIFFS' MOTION FOR ORDER COMPELLING DISCOVERY RE: DEPOSITION

MARTINEZ, United States Magistrate Judge.

These consolidated actions arise out of an insurance coverage dispute between the Smiths and Nationwide Mutual Fire Insurance Company. The Smiths allege that Nationwide breached its duty of good faith in the investigation and denial of the Smiths' claim for a fire loss at their home. Nationwide claims that the Smiths caused the fire and misrepresented material facts about the loss in breach of the insurance contract.

Todd, Rosemarie and Dylan Smith move for an order compelling Nationwide's expert to respond to certain questions which Nationwide instructed the expert not to answer at his deposition. The Smiths' Motion for Order Compelling Discovery re: Deposition (doc. # 35) is hereby GRANTED as set forth below.

### Relevant Background Facts

The facts relevant to the discovery dispute presently before the court are as follows. As part of its investigation of the Smiths' claim, Nationwide retained Donald Barry to investigate the cause and origin of the fire at the Smiths' home. At the deposition of Mr. Barry, counsel for Nationwide instructed Mr. Barry not to answer several questions on the ground that the information sought was protected under either the attorney-client privilege or the work product doctrine. The Smiths move for an order compelling Mr. Barry to answer these questions.[1]

---

1. The Smiths have withdrawn that part of their motion which seeks to compel answers to questions concerning discussions between Mr. Barry and Nationwide's attorney, Mr. Feldman. These questions are set forth at page 202 of the deposition transcript. The Smiths have also withdrawn

## 252

### Discussion

■ Federal law governs the protection afforded under the work product doctrine in federal courts. *EDO Corp. v. Newark Insurance Co.,* 145 F.R.D. 18, 21 (D.Conn.1992). The work product doctrine shields from disclosure documents and other materials prepared in anticipation of litigation or trial by a party or a party's representative, absent a showing of substantial need. Fed.R.Civ.P. 26(b)(3); *see also In re Grand Jury Subpoenas,* 959 F.2d 1158, 1166 (2d Cir.1992). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area in which he can analyze and prepare his client's case." *United States v. Nobles,* 422 U.S. 225, 238, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975). By establishing a zone of privacy for strategic litigation planning, the work product doctrine prevents one party from piggybacking on the adversary's preparation. *United States v. Adlman,* 68 F.3d 1495, 1501 (2d Cir.1995). The party invoking the protection of the work product doctrine has the burden of establishing that the documents at issue were prepared in anticipation of litigation. *Helt v. Metropolitan District Commission,* 113 F.R.D. 7, 12 (D.Conn.1986).

The Smiths seek responses to inquiries about conversations and meetings between Nationwide's expert, the deponent Donald Barry, and Dr. DeChico, a fire protection engineer. The Smiths identify these inquiries as questions posed at pages 195, 375 and 379 of the transcript of Mr. Barry's deposition.[2] The conversations and meetings between Mr. Barry and Dr. DeChico occurred prior to the denial of the Smiths' claim and prior to the commencement of the declaratory action which Nationwide brought against the Smiths.

Nationwide contends that the work product doctrine protects the substance of these conversations and meetings because litigation was anticipated as soon as Mr. Barry concluded that the cause of the fire was arson and Mr. Barry had reached that conclusion prior to the conversations at issue.[3] Because the question seeks opinion work product, Nationwide argues, the Smiths must show exceptional circumstances to obtain responses to the questions posed.

The court is not persuaded. First, Nationwide has offered no evidence to support its claim that litigation was anticipated as of the date of the conversations. The court is therefore unable to find that responses to the questions will in fact reveal work product. Second, even if the responses would reveal the experts' opinion work product, the Smiths are entitled to discovery of the opinions of experts retained by Nationwide who will testify at trial. Fed.R.Civ.P. 26(b)(4). Finally, the need for evidence of how Nationwide processed the Smiths' claim would override any work product protection that might apply to these conversations in this bad faith action.

■ In a bad faith action against an insurer, the plaintiff must show that the insurer was unreasonable in withholding payment of the claim of its insured. *See L.F. Pace & Sons, Inc. v. Travelers Indemnity Co.,* 9 Conn.App. 30, 46, 514 A.2d 766, *cert. denied* 201 Conn. 811, 516 A.2d 886 (1986). "Bad faith actions against an insurer ... by their very nature 'can only be proved by showing exactly how the company processed the claim, how thoroughly it was considered

---

their argument that Nationwide's attorney improperly impeded the progress of the deposition.

In addition, the court notes that although Nationwide's counsel had instructed Mr. Barry not to answer certain questions on the ground that the responses would reveal information protected by the work product doctrine as well as privileged attorney-client communications, Nationwide's memorandum in opposition to the motion to compel does not raise the attorney-client privilege. The court interprets Nationwide's silence on this issue to be a waiver of any objection based on the privilege and therefore does not address the issue.

**2.** Nationwide has withdrawn its objections to the questions set forth at page 379 and the Smiths are therefore entitled to responses to those questions.

**3.** Nationwide had originally argued that the conversation was protected because Dr. DeChico was a non-testifying expert. Nationwide has since disclosed Dr. DeChico as an expert who may testify in this action and therefore no longer relies on that argument.

and why the company took the action that it did.'" *Robarge v. Patriot General Insurance Company*, 42 Conn.Supp. 164, 166–67, 608 A.2d 722 (1992) (quoting *Brown v. Superior Court In & For Maricopa County*, 137 Ariz. 327, 336, 670 P.2d 725 (1983)). To establish that the insurer acted in bad faith, the plaintiff "must show 'whether [the insurer] sought and followed [the] advice and recommendation of its agents, adjusters and attorneys.' Therefore, all such information is relevant and good cause [is] established for its production." *Id.*, quoting *Chitty v. State Farm Mutual Automobile Ins. Co.*, 36 F.R.D. 37, 40 (E.D.S.C.1964).

■ Applying the above principles to the present action, the Smiths are entitled to discover how Nationwide processed their claim, how thoroughly Nationwide considered their claim (including Nationwide's analysis of any expert information which the Smiths provided to Nationwide), and why Nationwide took the action that it did. Nationwide admits that the conversations and meetings between the experts it had retained to investigate the Smiths' claim occurred in the course of Nationwide's consideration of the claim. The Smiths are therefore entitled to responses to these questions and Nationwide's objections to these questions are overruled.

■ The Smiths also seek to compel Mr. Barry to respond to questions set forth at pages 337, 338 and 443 of the deposition transcript. These questions seek certain facts relating to other fires Mr. Barry had investigated, such as the name of the insureds involved or the location of the fires. The Smiths represent that they seek this information so that they may contact the insureds in those cases with the intent of discovering information that may be admissible to impeach or otherwise discredit Mr. Barry. Nationwide contends that the requested information is protected work product and that it is not reasonably calculated to lead to the discovery of admissible evidence.

This court fails to see how the names of other insureds or the locations of other fires can constitute work product. This court also fails to see how Nationwide can claim the protection of the work product doctrine with respect to information that it did not prepare or direct to have prepared. Nationwide's objections to these questions on the ground of work product are therefore overruled. Moreover, the Smiths have explained that they seek the requested information so that they may try to uncover evidence to impeach Mr. Barry. The requested information is therefore reasonably calculated to lead to the discovery of admissible evidence. The Smiths are entitled to responses to these questions.

*Conclusion*

Based on the foregoing, it is hereby ORDERED that the Motion to Compel (doc. #35) is GRANTED as follows: (1) Nationwide shall produce Donald Barry to be deposed at Nationwide's cost and expense; (2) Nationwide shall permit Donald Barry to answer the questions that are the subject of the motion to compel and that have not been withdrawn from the court's consideration; (3) Nationwide shall pay to the Smiths the reasonable expenses incurred in making the motion to compel, including attorney's fees, pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure.