[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO QUASH (#115)[1] MOTION FOR ORDER TO COMPLY(#116) OBJECTION (#118)
Defendant has moved to quash, and has objected to, a subpoena duces tecum issued by plaintiff pursuant to Practice Book Section13-28(c). Plaintiff, pursuant to Sec. 13-28 (d) has moved for compliance, and the defendant has filed an objection thereto. A CT Page 4517 ruling on Defendant's motion to quash (and/or objection to) the subpoena duces tecum (#115) is dispositive of all three filings, and accordingly, the court will rule on the three enumerated sets of documents sought to be produced, to which defendant objects.
Document(s) No. 1. It is the court's view that the company standards in place during calendar 1993 and 1994 bear some relevance to the allegations set forth in the amended complaint. Furthermore, it appears to the undersigned that their production falls within the scope of, and is not precluded by any of the limitations in, Practice Book Sections 13-2 through 13-5. However, with respect to relevance, production should be limited to standards for the investigation of fire loss claims. Subject to that limitation, the motion to quash is denied as to the No. 1 document(s); consistent therewith, the motion for compliance isgranted (as to No. 1), and the objection thereto is overruled.
Documents No. 2 a, b, c, and d. In a CUTPA or CUIPA action, "`the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on itsclaims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer . . . (Emphasis added). Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 790 (1995), quoting Lees v.Middlesex Ins. Co., 219 Conn. 644, 653 (1991). Plaintiff, in the amended complaint, alleges unfair claim settlement practices in violation of General Statutes Section 38a-816 (6). Proof requires that any unfair settlement practices were performed "with such frequency as to indicate a general business practice." Lees v.Middlesex Ins. Co., 229 Conn. 842, 848 (1994); Mead v. Burns,199 Conn. 651, 657 (1986). In the recently consolidated files, plaintiff has alleged two property damage claims on which defendant has declined payment. However, with respect to "a general business practice," information pertaining to other fire damage claims on which payment was denied by defendant, at or around the time of the denial of plaintiff's claims, would have relevance. Recognizing that a party "should not be allowed to indulge a hope that a thorough ransacking of any information and material which [the other party] may possess would turn up evidence helpful to [his] case," it is nevertheless my view that plaintiff has demonstrated that certain of the documentation sought is "material" to the actions asserted in the second and third counts. Berger v. Cuomo, 230 Conn. 1, 7 (1994). CT Page 4518
Practice Book Section 13-28(c) provides that "[a] subpoena issued for the taking of a deposition may command the person to whom it is directed to produce . . . documents or tangible things which constitute or contain material within the scope of examination permitted by Sections 13-2 through 13-5." Section 13-2 permits discovery or disclosure of documents "material to the subject matter involved in the pending action, which are not privileged . . ." Section 13-3 deals with materials prepared in anticipation of litigation and provides that "the judicial authority shall not order disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigations."
In objecting to production of the subject documentation, defendant refers generally to "privileged and confidential" information. In the context of bad faith actions, bothFarricielli v. Nationwide Mutual Fire Insurance Company,17 CLR 368 (Conn.Super. 1996) and Robarge v. Patriot General InsuranceCo., 42 Conn. Sup. 164 (1992) deal with the procedural difficulties relating to the disclosure of privileged, or potentially privileged, information contained in the insurer's files. Farricielli interpreted the language in Robarge as holding that in fact neither the work product rule nor the attorney-client privilege prevented the disclosure of relevant documents and information in the insurer's file in this type of action . . . a bad faith action can . . . only be proved by allowing the plaintiff insured access to the insurer's file." BothFarricielli and Robarge dealt with bad faith claims and the production of information from the company's file on the plaintiff insured's claim; in such circumstances, the Farricielli
court noted that when the insured makes his claim, and while it is being processed, "the insurer stands in a fiduciary relationship to the insured," and, when "a dispute later breaks out between the two, it is difficult to understand how information contained in an insurer's file concerning the claim would not be relevant." Here, the documentation sought goes beyond merely the file(s) on claims of this insured (the plaintiff). Furthermore, the documentation subpoenaed may well contain information within the purview of the attorney-client or other privilege,[2] as well as "mental impressions, conclusions, opinions, or legal theories" with respect to the processing of those other files. Practice Book Section 13-3. It would seem, given the breath of the subpoena duces tecum, that in camera inspection may well be required which, in my view, should be the province of the trial judge.[3] However, defendant has CT Page 4519 not been specific, either in the papers before this court or at oral argument, with respect to the types of file documents which would be subject to any privilege, or the scope of any privilege or confidentiality which would attach to the files or their content. Accordingly, it is this court's view that certain of the documents subpoenaed should be produced for purposes of the deposition.
The motion to quash is granted as to No. 2a and c; consistent herewith, the motion for compliance is denied as to a and c, and the objection is sustained regarding a and c.
The motion to quash is denied as to No. 2b and d, but production is limited to the year 1994; subject to that temporal limitation, the motion for compliance is granted as to b and d, and the objection thereto is overruled.
Documents No. 3a, b, c, and d. It is the court's view that the preceding analysis (and rulings) also applies, substantially, to the No. 3 documentation.
The motion to quash is granted as to No. 3a and c; the motion for compliance is denied as to a and c, and the objection thereto is sustained.
The motion to quash is denied as to No. 3b and d, but d is limited to the "denial letter", and the production is limited to the years 1994 and 1995; subject to the aforestated, and consistent therewith, the motion for compliance is granted as to b and d, and the objection thereto is overruled.
Mulcahy, J.
[2] Plaintiff suggests that the documentation requested would be excluded from confidentiality under the Insurance Information and Privacy Protection Act by General Statutes Section 38a-988
(g) and (h).
[3] This seems particularly so in view of defendant's relevancy objection; the trial court stands in the best position to assess the relative need for disclosure of that information which may be subject to confidentiality under the law, and to determine under what conditions it may be disclosed, if at all.