**LOUISE SEBASTIAN MARTIN, Plaintiff**

**v.**

**AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Defendant**

**AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Plaintiff**

**v.**

**LOUISE SEBASTIAN MARTIN, Defendant**

Civ. Nos. 1998/128-STX and 1998/81-STT

United States District Court for the Virgin Islands

Div. of St. Croix

January 20, 1999

LEE J. ROHN, ESQ., DOUGLAS L. CAPDEVILLE, ESQ., *Counsel*

RESNICK, *Judge*

### ORDER DENYING LOUISE SEBASTIAN MARTIN'S MOTION TO RECONSIDER

THIS MATTER came for consideration on Martin's motion to reconsider the 12/23/98 Order, in part. American Bankers filed opposition to the motion and Martin filed a reply to the opposition.

The 12/23/98 Order provided in relevant part:

7. Defendant shall fully respond to the following by December 28, 1998 (prior to depositions):

(a) Demand for production No. 1.[1] With regard to any advice provided by the attorneys for the defendant, defendant may instead state that it will not assert the defense of "reliance on advice of counsel."

Martin now argues that that particular portion of the Order was too restrictive. Martin asserts that in this 'bad faith claim' she is entitled to learn whether American Banker's attorneys advised it to pay the claim and to follow certain procedures which advice was not followed.

In its opposition, American Bankers states that it has not and will not assert the defense of reliance on advice of counsel and that accordingly it has not waived any privilege with regard thereto.

Martin's reply cited cases allowing broad disclosure in "bad faith" actions against an insurer, including whether the insurer sought and followed the advice and recommendation of its attorneys. *See e.g., Nationwide Mutual Fire Ins. Co. v. Smith,* 174 F.R.D. 250, 253 (D.Conn. 1997); *Chitty v. State Farm Mutual Automobile Ins. Co.,* 36 F.R.D. 37, 42 (E.D.S.C. 1964); *See also* similarly, *Loftis v. Amica Mutual Ins. Co.,* 175 F.R.D. 5, 11-12 (D.Conn. 1997); *Holmgren v. State Farm Mutual Automobile Ins. Co.,* 976 F.2d 573, 576-577 (9th Cir. 1992).

There is however, a more restrictive view. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.,* 32 F.3d 851, 863 (3d Cir. 1994); *Northwood Nursing and Convalescent Home, Inc. v. The Continental Ins. Co.,* 161 F.R.D. 293, 298 (E.D.Pa. 1995); *Dixie Mill Supply Co. Inc. v. Continental Casualty Co.,* 168 F.R.D. 554, 556-557 (E.D.La. 1996); *Ferrara and DiMercurio, Inc. v. St. Paul Mercury Ins. Co.,* 173 F.R.D. 7, 11-12 (D.Mass. 1997).

In *Rhone-Poulenc* the Third Circuit Court of Appeals distinguished those cases where the client has taken the affirmative step in the litigation to place the advice of the attorney in issue stating that:

> . . . advice is not in issue merely because it is relevant, and does not necessarily become in issue because the

---

[1] Demand for Production No. 1 sought American Bankers complete claim file relating to Martin.

attorney's advice might affect the clients state of rind in a relevant matter.

*Id.* 32 F.3d at 863.

A party places an attorney's advise at issue when 'the client asserts a claim or defense by disclosing or describing an attorney client communication'. . . . accordingly when one party alleges that another acted 'wilfully' for example, the advice of the party's counsel may be relevant, but it is not placed in issue until the party defends by asserting that he relied on that advice.

*Northwood Nursing and Convalescent Home,* 161 F.R.D. at 298.

In *Dixie Mill,* the court cited *Rhone-Poulenc* and rejected Dixie Mill's contention that "bad faith" insurance litigation opens all protected communications between insurers and their coverage counsel. The court noted that a simple assertion that an insured cannot otherwise prove her case of bad faith does not automatically permit an insured to rummage through the claim file.

The reasonableness of the insurers' actions in a bad faith case can be proved by objective facts, which are not shielded from discovery and do not necessarily require the production of privileged communications at trial. . . The facts, rather than the legal advice or opinions underlying the insurers' decisions at issue in the instant litigation can be developed through depositions and other discovery of non-privileged information. (internal citations omitted).

*Dixe Mill,* 168 F.R.D. at 558-559.

Martin's reply also argues anew that the attorney-client privilege does not apply to legal advice sought or obtained in order to enable or aid the client to commit a tort [5 V.I.C. § 854(2)], stating, "the claim of bad faith is a tort." Martin offers no case citations for such proposition.

The exception to privilege set out in 5 V.I.C. § 854(2) applies:

. . . if the judge finds that sufficient evidence, aside from the communication, has been introduced to warrant a finding that the legal service was sought or obtained in order to enable or aid the client to commit or plan to commit a crime or tort.

■ Martin has not shown that American Bankers consulted counsel for purpose of such advice. *See Ferrara and Dimercuio, Inc. v. St. Paul Mercury Ins. Co.*, 173 F.R.D. at 13.

■ Upon consideration, the Court will adhere to the principle set out in *Rhone-Poulence* and followed in *Northwood Nursing* as detailed above. Accordingly, it is hereby;

**ORDERED** that Martin's motion for reconsideration of the December 23, 1998 Order is DENIED.

Dated: January 20, 1999