[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert F. Bartolomeo ("Bartolomeo") has brought this action for damages against the defendant, Nationwide Mutual Fire Insurance Company ("Nationwide") stemming from the destruction by fire of a boat owned by Bartolomeo and insured by Nationwide. Bartolomeo's amended complaint dated May 3, 1999 is in three counts: 1) breach of contract; 2) breach of the common law obligation of good faith and fair dealing; and 3) violation of General statutes § 38a-816 et seq. (Connecticut Unfair Trade Practices Act).
A discovery dispute has arisen between the parties concerning two areas. First, Nationwide has refused to produce a portion of its claims file on the ground of attorney-client privilege and work product.[1]Second, Nationwide has objected to certain questions posed to the adjuster assigned to the claim, Donna Read ("Read") during her deposition.
 DISCUSSION
Practice Book § 13-2 provides: "In any civil action . . . where the judicial authority finds it reasonably probable that evidence outside the record will be required, a party may obtain . . . discovery of information or disclosure. . . . of papers, books or documents material to the subject matter involved in the pending action, which are not privileged, whether the discovery or disclosure relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . .
The Practice Book further provides that "a party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation. . . . . only upon a showing that the party seeking discovery has substantial need of the materials . . . and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." § 13-3. CT Page 103
Nationwide argues that its assertion of privilege is justified, both as to the portions of its claims file and as to the questions to Read, because Bartolomeo's discovery requests are outside the scope of the above rules. Specifically, Nationwide asserts that its denial of Bartolomeo's insurance claim was based on his lack of cooperation during Nationwide's investigation, and that the discovery material at issue has nothing to do with this lack of cooperation claim. Accordingly, Nationwide claims that since this is the only defense raised in the lawsuit, there is no "substantial need" to override the privilege.
Bartolomeo responds that he has a right to challenge Nationwide's assertion that his lack of cooperation was the reason the claim was denied and has done so by alleging the bad faith count in the complaint. Bartolomeo further asserts that in order to pursue his bad faith claim he has a substantial need for both the complete Nationwide file as well as answers to the questions objected to at Read's deposition.[2]
In Brown v. Superior Court In and For Manicopa CY.,670 P.2d 725 (1983), the Arizona Supreme Court, sitting en banc, grappled with the competing interests involved where a plaintiff seeks discovery of materials prepared in anticipation of litigation in a bad faith action against an insurer. On the one hand, Brown
recognized that in order to maintain the adversarial trial process, counsel should not be permitted to try a case on "wits borrowed from [an] adversary." Brown supra, 670 P.2d 732 quotingHickman v. Taylor, 329 U.S. 495, 516 (1947). On the other hand,Brown also recognized that in order for issues to be tried on the true facts, the rules should be construed to allow discovery of all relevant information. Id. As to bad faith actions against insurers, Brown held that the need for the information was not only substantial, but overwhelming and discovery was required even as to privileged material. The Brown analysis has been followed in other courts, including Connecticut. See Robarge v.Patriot General Ins. Co., 42 Conn. Sup. 164, 167 (1992) (adjuster required to answer deposition questions claimed to be privileged); Chitty v. State Farm Mutual Automobile InsuranceCo., 36 F.R.D. 37 (1964) (Insurance Company required to produce its file); Nationwide Mutual Fire Insurance Co. v. Smith,174 F.R.D. 250, 253 (D. Conn. 1997) (Insurance Company's fire expert required to answer deposition questions).
In the face of the above authority, Nationwide argues that: 1) they have articulated the basis for the denial of the claim — CT Page 104 lack of cooperation — and therefore the requested material is not relevant; 2) that the material requested relates to the time period after the denial; and 3) that the expert's report in the file is not complete. These arguments are not persuasive. As the above cases make clear, in order to establish bad faith the plaintiff must show how the company processed the claim and why it took the action it did. Accordingly, all information in the claims file is relevant and good cause exists for its production.
For the reasons set forth above, the motion for discovery order is granted. Nationwide shall disclose to Bartolomeo the redacted portions of Nationwide's claim file. In addition, Donna Read shall be made available for further deposition and shall provide answers to the questions objected to on the ground of privilege. Read's deposition, however, shall not take place until Nationwide has had the opportunity to first depose Bartolomeo.
So Ordered at New Haven, Connecticut this __5th__ day of January, 2000.
Devlin, J.