[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: MOTION FOR PROTECTIVE ORDER (#165)
Nationwide Mutual Fire Insurance Company ("Nationwide") seeks a protective order limiting the proposed depositions of Dani Lynn Woods, Donna Read and Frank Carafano presently scheduled for January 26, 2000. Specifically, Nationwide seeks a court order precluding (1) the deposition of Dani Lynn Woods, (2) forbidding farther production from Nationwide, and (3) limiting the areas of inquiry that may be addressed during the proposed depositions. In support of its motion, Nationwide asserts that prior orders of this court sustaining certain objections to Interrogatories and Production Requests will be undermined if Nationwide is required to submit to the depositions in the manner noticed.
The plaintiff asserts that the rulings on the discovery issues are inapposite to the proposed depositions and farther that because the plaintiff alleges bad faith on the part of Nationwide, it is entitled to the requested material. See Robangev. Patriot General Ins. Co., 42 Conn. Sup. 164, 167 (1972)
After considering the full record in this case, the court rules as follows:
 1. Nationwide's objection to the deposition of Dani Lynn Woods is overruled without prejudice to asserting claims of privilege to specific questions. Should the plaintiff object to the assertion of privilege, he may seek appropriate relief from the court.
 2. Nationwide's objection to the production of its claims file is also overruled. The plaintiff is correct in its assertion that in an action against an insurer based on a claim of bad faith, courts have required the disclosure of the complete claims file. See Brown v. Superior Court In and For Manicopa CY., 670 P.2d 725, 732 (1983).
 3. To the extent that the requests for production at the depositions or the deposition questions themselves otherwise seek information that the court has previously ruled to be beyond the appropriate scope of discovery, the motion CT Page 294 for protective order is granted.
So Ordered at New Haven, Connecticut, this 7th day of January, 2000.
Devlin, J.