Fayne A. HILDEBRAND, et al.,

v.

WAL–MART STORES, INC., et al.

No. 3:98 CV 2520(JGM).

United States District Court,
D. Connecticut.

April 10, 2000.

Michael Joseph Walsh, Moukawsher & Walsh, Hartford, CT, for Andrew Hildebrand and Fayne A. Hildebrand.

Thomas J. Rechen, James A. Budinetz, Pepe & Hazard, Hartford, CT, for Wal–Mart Stores, Inc. dba Wal–Mart Discount Cities, defendants.

## RULING ON PLAINTIFFS' MOTION TO COMPEL

MARGOLIS, United States Magistrate Judge.

On November 11, 1998, plaintiffs Fayne A. Hildebrand and her husband, Andrew Hildebrand, commenced this lawsuit against defendant Wal–Mart Stores, Inc. in Connecticut Superior Court. On December 29, 1998, defendant removed this action to this District Court pursuant to 28 U.S.C. § § 1441(a) and 1446. (Dkt. # 1). Plaintiff alleges that as she was leaving the check-out counter with an entertainment system, the shopping cart tipped over, knocking her to the ground and causing serious injuries to, *inter alia,* her left knee and lower back. (*Id.,* Exh. A at 2–4). She claims that defendant failed to help her properly transport such a large purchase from the counter to her car. (*Id.* at 3). Count one sounds in negligence; count two asserts a claim of loss of consortium.

On February 17, 1999, defendant filed an answer and two affirmative defenses: that both claims are barred pursuant to CONN. GEN. STAT. § 52–572h(b). (Dkt. # 12 at 4–5). On May 19, 1999, the parties consented to trial before this Magistrate Judge. (Dkt. # 19). Pending before the Court is plaintiffs' Motion to Compel with brief in support, filed on February 23, 2000. (Dkts. ## 26 & 27).[1] On March 17, 2000, defendant filed a brief in opposition and affidavit in support. (Dkts. ## 28 & 29).[2]

---

1. Attached to Dkt. # 27 were three exhibits: copy of defendant's interrogatories and requests for production (Exh. A); copy of defendant's objections and responses to plaintiff's supplemental interrogatories and requests for production (Exh. B); and copy of case law (Exh. C).

2. Attached to Dkt. # 28 were two exhibits: copies of case law. (Exhs. A & B).

## I. DISCUSSION

In their motion to compel, plaintiffs seek an order compelling defendant to reply to certain supplemental interrogatories and requests for production about witnesses who may have information regarding plaintiff's medical condition. (Dkt. # 26 at 1). Plaintiffs are also seeking an award to cover the costs and expenses of this motion to compel pursuant to Rule 37(a)(4). (*Id.* at 3). Defendant objects on the grounds that the information sought is protected by the attorney work product doctrine and "immune from discovery" because the requested information relates to impeachment evidence. (Dkt. # 28 at 1, 3—5). Defendant contends that plaintiff Fayne Hildebrand had denied any prior knee injuries, yet witnesses may testify that plaintiff did have prior knee injuries. (*Id.* at 2).

■ Under the Federal Rules of Civil Procedure, the scope of discovery extends to "any matter, not privileged, which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." FED. R. CIV. P. 26(b)(1). The phrase "'relevant to the subject matter involved in the pending action' has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citation omitted). The party receiving a request must not only produce information which is admissible as evidence, but also information which "appears reasonably calculated to lead to the discovery of admissible evidence." *Martin v. Valley Nat'l Bank of Arizona,* 140 F.R.D. 291, 300 (S.D.N.Y.1991) (citations omitted). "Reasonably calculated" in Rule 26 means "any possibility that the information sought may be relevant to the subject matter of the action." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland,* 122 F.R.D. 447, 449 (S.D.N.Y.1988) (citations & internal quotation marks omitted).

Federal Rule 33 requires parties served to answer written interrogatories and provides that "[t]he party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory." FED. R. CIV. P. 33(a) & (b)(5). Federal Rule 34 provides that "[a]ny party may serve on any other party a request ... to produce and permit the party making the request, ... to inspect and copy, any designated documents." FED. R. CIV. P. 34(a). Federal Rule 36 permits a party to serve upon "any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1)." FED. R. CIV. P. 36(a).

■ The work product doctrine was first established by the court in *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and protects discovery of memoranda, correspondence, briefs, mental impressions and personal beliefs prepared in anticipation of litigation. The purpose of the privilege is "to prevent a party from taking advantage of his adversary's efforts to gather material for litigation, and to foster the adversary system by providing a safe harbor within which an attorney can analyze and prepare his client's case." *U.S. v. Weissman,* No. S1 94 CR 760(CSH), 1995 WL 244522, at * 5 (S.D.N.Y. April 26, 1995) (citations omitted). The doctrine also protects discovery of oral statements from witnesses. *In re Grand Jury Proceedings,* 473 F.2d 840, 848 (8th Cir.1973). Some courts have afforded witness statements absolute protection. *See id.* However, "[t]hose courts declining to adopt an absolute rule have nonetheless recognized that such material is entitled to special protection." *Upjohn Co. v. United States,* 449 U.S. 383, 401, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). "Nonetheless, the rule does not protect from disclosure the underlying facts known to the party or his counsel, even if acquired in anticipation of litigation." *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 471 (S.D.N.Y.1993).

■ "Th[e] burden of showing that a document is entitled to work product protection is

on the party asserting it, and unless that party presents competent proof of circumstances showing the privilege should attach, protection must be denied. This burden cannot be 'discharged by mere conclusory or ipse dixit assertions.'" *Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 465 (S.D.N.Y.1993)(multiple citations omitted). "[W]here a privilege is asserted and then challenged, the burden rests upon the party so claiming to establish that the material is, in fact, not discoverable." *In re Perrier Bottled Water Litigation*, 138 F.R.D. 348, 351 (D.Conn.1991) (citation omitted). "The party asserting the privilege has the burden of proving its basis and generally does so through a combination of affidavits and privilege logs .... Once the proponent satisfies its burden, the party seeking discovery must come forward and demonstrate a ground for piercing the privilege." *In re Circle K Corp.*, 199 B.R. 92, 98 (Bankr.S.D.N.Y.1996), *aff'd*, 1997 WL 31197 (S.D.N.Y. Jan. 28, 1997).

█ The issue of whether a defendant must disclose the names of potential witnesses who may impeach a plaintiff has not been squarely addressed by this district. In *Nationwide Mutual Fire Insurance Co. v. Smith*, 174 F.R.D. 250, 252 (D.Conn.1997), a bad faith action against an insurer, Magistrate Judge Martinez ordered defendant to disclose the names of other insureds and the location of other fires its expert had investigated to plaintiff who sought this information to impeach or discredit the expert. Magistrate Judge Martinez reasoned that plaintiff was entitled to this factual information and that the work product doctrine was not implicated. *Id.*

In *Weinhold v. Witte Heavy Lift. Inc.*, No. 90 CIV. 2096(PKL), 1994 WL 132392, at *1 (S.D.N.Y. April 11, 1994), plaintiff, allegedly injured during the course of his employment, filed a motion to compel discovery of surveillance tapes and the investigator's report completed for the defendant employer. The court stated:

> [i]n the federal courts, the rules of discovery were designed to encourage liberal pre-trial disclosure in order to make a trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." However, discovery requests are

occasionally granted based only on certain contingencies. In order to protect the value of surveillance tapes as a tool for impeachment of plaintiff's possible exaggeration of his disabilities, courts have found it appropriate to require disclosure of such impeachment materials only after plaintiff's deposition has been taken. In this way, the recording of plaintiff's sworn testimony will preclude any temptation on his part to alter his testimony based on what is seen on the surveillance tapes, yet the policy of broad discovery is nonetheless maintained.

*Id.* (numerous citations omitted). *See also Ford v. CSX Transp., Inc.*, 162 F.R.D. 108, 112 (E.D.N.C.1995)(holding same); *Daniels v. National R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y.1986)(holding same). However, the *Weinhold* court did not permit discovery of the investigator's report because it was protected by the work product doctrine. 1994 WL 132392, at *3.

This Court finds the reasoning of these cases persuasive. The above cited approach enables plaintiffs to prepare for trial as well as preserves the evidence's impeachment value, while protecting privileged materials. The Court notes that plaintiff Fayne Hildebrand has already been deposed. (*See* Dkt. # 28 at 2). Applying these principles to the case at bar, defendant need not respond to Interrogatory Nos. 4–5 and Request for Production Nos. 1, 2 and 4 because the requested material is protected by the work product doctrine. However, the Court orders defendant to reply to Interrogatory Nos. 1–2 *on or before April 24, 2000.* In light of the foregoing, plaintiffs' request for sanctions is *denied without prejudice* subject to renewal should defendant fail to comply with the Court's order.

## II. CONCLUSION

In conclusion, for the reasons stated above, plaintiffs' Motion to Compel (Dkt. # 26) is *granted in part and denied in part to the extent set forth above.*[3]

---

3. If any party believes a continued settlement conference before this Magistrate Judge would

be productive, counsel should contact Chambers accordingly.