[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ORDER OF COMPLIANCE #129
The plaintiff, Phillip A. Schiavoni d/b/a PAS Associates, brought this action for breach of contract and promissory estoppel against the defendant, Twin Laboratories, Inc.[1] The plaintiff's revised amended complaint (complaint) dated February 11, 2000, alleges the following pertinent facts. On or about May 20, 1998, the plaintiff and the defendant entered into a contract for services (hereinafter, engagement letter), pursuant to which the plaintiff was to be employed for an initial term of eight months. During such employment, the plaintiff was to be responsible for the day-to-day operation and management of a catalog business known as Bronson Laboratories, Inc. (Bronson), a wholly owned subsidiary of the defendant. Thereafter, the engagement letter was amended by the parties to extend its duration to the full calendar year of 1999 and to expand the scope of the work to be performed by the plaintiff. Since the end of 1998, the work done by the plaintiff for Bronson and/or the defendant was undertaken in good faith reliance upon amendments to the engagement letter. In May of 1999, the plaintiff was advised that the defendant had hired Thomas Schinick (Schinick) as president of Bronson, and the defendant, acting through its executive vice president, Dean Blechman (Blechman), reaffirmed the defendant's commitment to the plaintiff for 1999. Thereafter, the defendant allegedly failed to make payments to the plaintiff and the relationship between the parties deteriorated.
Pursuant to Practice Book § 13-9, the plaintiff filed a request for production of documents[2] and in response, on February 22, 2000, the defendant filed an objection. In its objection, the defendant claims that certain documents requested by the plaintiff are protected by the attorney-client privilege, the work product doctrine, or both. On May 10, 2001, pursuant to Practice Book § 13-14, the plaintiff filed a motion for an order of compliance with respect to those documents in the plaintiff's request for production which the defendant claims are exempt from discovery. The plaintiff contends that fundamental evidence contained in the documents will establish essential elements of the contract between the parties and, will disprove the defendant's special defense to the effect that, since 1999, the defendant's retention of the plaintiff was on a month-to-month basis. By agreement of counsel, the defendant prepared a privilege log identifying forty-three documents it claims are exempt from discovery by virtue of the attorney-client privilege and/or the work product privilege. The defendant submitted copies of the forty-three documents identified in its privilege log to this court. The plaintiff requests that this court conduct a review of the documents and make a determination as to whether the privileges CT Page 16227 asserted by the defendant are applicable.
The parties have filed memoranda of law in support of their respective positions regarding the plaintiff's motion for an order of compliance. The plaintiff argues that the defendant bears the burden of proving the existence and applicability of the privileges. The plaintiff contends that the privileges claimed by the defendant are either non-existent, inapplicable or have been waived by the defendant. Furthermore, as to the defendant's privilege log, the plaintiff maintains that the defendant's description of the subject matter and legal basis for withholding the relevant documents are so general as to preclude the plaintiff from any meaningful analysis and argument. The plaintiff concludes that the defendant should be required to express its rationale for the privileges it claims, in order to allow for a meaningful response and judicial analysis. The defendant, in turn, argues that all of forty-three documents at issue are protected by the attorney-client privilege,[3]
that twenty-six of those documents are also protected by the attorney work product privilege,[4] and that the defendant's privilege log properly provides as much information to the plaintiff as possible without waiving the privileges at issue.
This court has conducted an in camera review of the documents. For the reasons set forth below, the plaintiff's motion for an order of compliance is granted in part and denied in part.
 Discussion
Attorney-Client Privilege
As a general rule, communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice. Olson v. Accessory Controls Equipment Corp., 254 Conn. 145,157, 727 A.2d 14 (2000). "On numerous occasions [the Connecticut Supreme Court has] reaffirmed the importance of the attorney-client privilege and [has] recognized the long-standing, strong public policy of protecting attorney-client communications. . . . In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act upon it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice. . . . The privilege fosters full and frank communications between attorneys and their clients and thereby promote[s] the broader public interests in the observation of law and [the] administration of justice." (Citations omitted; internal quotation marks omitted.) Id., 156-57.
"[T]he attorney-client privilege is strictly construed because it tends CT Page 16228 to prevent a full disclosure of the truth in court." (Internal quotation marks omitted.) Ullmann v. State, 230 Conn. 698, 710-11, 647 A.2d 324
(1994). "Although [the Connecticut Supreme Court has] noted previously that the attorney-client privilege reflects a significant public policy, and that it is important not to weaken the privilege with various exceptions because . . . even the threat of disclosure would have a detrimental effect on attorneys' ability to advocate for their clients while preserving their ethical duty of confidentiality, . . . [the Court also has] recognized that since the [attorney-client] privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose . . ." (Citations omitted; internal quotation marks omitted.) Olson v. Accessory Controls Equipment Corp., supra, 254 Conn. 170.
As noted above, as a general rule, communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice. Id., 157. However, "[a] communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." Id. "Moreover, although . . . statements made in the presence of a third party are usually not privileged because there is then no reasonable expectation of confidentiality . . . [the Connecticut Supreme Court has] recognized that the presence of certain third parties . . . who are agents or employees of an attorney or client, and who are necessary to the consultation, will not destroy the confidential nature of the communications." (Citations omitted; internal quotation marks omitted.) Id., 157-58; accord Shew v. Freedom of Information Commission,245 Conn. 149, 159 n. 12, 714 A.2d 664 (1998) ("a person making a privileged communication to a lawyer for an organization must then be acting as agent of the principal-organization."). "Appropriately, the attorney-client privilege extends to interpreters, and to clerks and agents employed by the attorney . . . in the business committed to his [or her] charge." (Internal quotation marks omitted.) Olson v. AccessoryControls Equipment Corp., supra, 254 Conn. 158.
The attorney-client privilege protects communications where the client is an organization, such as a corporate entity, rather than an individual. See Shew v. Freedom of Information Commission, supra,245 Conn. 158; see e.g., Olson v. Accessory Controls Equipment Corp., supra, 254 Conn. 157. Thus, the attorney-client privilege applies to in-house counsel. International Business Machines Corporation v. Murray, Superior Court, judicial district of Stamford, Docket No. 107445 (June 29, 1990, Lewis, J.) (2 Conn.L.Rptr. 56, 58-59). The Connecticut Supreme Court has held that the privilege applies to communications between officials or employees of a corporate entity and the attorney for that entity, provided the following conditions are met: "(1) the attorney CT Page 16229 must be acting in a professional capacity for the agency, (2) the communications must be made to the attorney by current employees or officials of the agency, (3) the communications must relate to the legal advice sought by the agency from the attorney, and (4) the communications must be made in confidence." (Internal quotation marks omitted.)Cadlerock Properties v. Commissioner, 253 Conn. 661, 675 n. 13, 757 A.2d 1
(2000), cert. denied, 531 U.S. 1148, 121 S.Ct. 1089, 148 L.Ed.2d 963
(2001); Shew v. Freedom of Information Commission, supra, 245 Conn. 158.
The burden rests upon the party invoking the privilege to establish the elements required for its application. Kowalonek v. Bryant Lane, Inc., Superior Court, judicial district of Danbury, Docket No. 324942 (April 11, 2000, Moraghan, J.); see also Babcock v. Bridgeport Hospital,251 Conn. 790, 848, 742 A.2d 322 (1999) ("[w]here the status of a document cannot be discerned from the face of a discovery request . . . the party opposed to discovery has the burden of both asserting and establishing the applicable privilege."); State v. Hanna, 150 Conn. 457,466, 191 A.2d 124 (1963) ("[t]he burden of proving the facts essential to the [attorney-client] privilege is on the person asserting it."). "While the law is clear that the party asserting the attorney-client privilege has the burden of proving that the privilege applies, the law is not clear on what must be shown." (Emphasis added.) Shareamerica, Inc. v.Ernst Young, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307132 (February 20, 1998, Thim, J.).[5]
"Where voluminous communications are memorialized, the parties must inform the court about the pertinent circumstances without disclosing the substance of the information sought to be protected. One means of providing information is by use of a privilege log and affidavits. The log can identify `(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." Id., quoting In reGrand Jury Investigation United States v. The Corporation, 974 F.2d 1068,1071 (9th Cir. 1992). In some cases, privilege logs have been required to describe, "for each document withheld on the grounds of privilege or work product, information pertaining to the type of document, the number, date, author, addressee, recipients of copies, the subject matter, aswell as the legal basis for withholding the document." (Emphasis added.)Carrier Corp. v. Home Insurance Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 352383 (June 12, 1992,Schaller, J.) (7 C.S.C.R. 823).
This court notes, preliminarily, that the defendant's privilege log identifies the forty-three documents it withholds,[6] and for most of CT Page 16230 the documents, it lists the following information: the date of the document; the document type; the author or authors of the document; the recipient or recipients of the document; any parties who were "cc'd;" a brief description of the subject of the document; and the defendant's "basis for withholding" the document. Regarding the defendant's description of its legal "basis for withholding" each document, the privilege log merely labels each document as "A/C" (attorney-client), "W/P" (work product), or both. This court notes that neither the defendant's privilege log nor its memorandum explains why each of the forty-three documents is protected from disclosure by the attorney-client privilege or the work product rule. Furthermore, this court notes that the defendant's assertion that the documents must be withheld on the grounds of privilege or work product is unsupported by any affidavits or other evidence detailing the facts giving rise to the applicability of these doctrines.
Applying all the principles above to the present case, this court is satisfied that the documents identified in the defendant's privilege log bearing the numbers one, two, twenty-three, twenty-five, twenty-six and thirty-seven are communications between officials or employees of the defendant, a corporate entity, and the attorney for that entity, under circumstances where (1) the attorney was acting in a professional capacity for the defendant, (2) the communications were made between the attorney and the current employees or officials of the defendant, (3) the communications relate to legal advice sought from the attorney, and (4) the communications were made in confidence. See Cadlerock Properties v.Commissioner, supra, 253 Conn. 675 n. 13; Shew v. Freedom of InformationCommission, supra, 245 Conn. 158. This court is not satisfied, however, that the documents identified in the defendant's privilege log bearing the numbers seven, fourteen, fifteen, nineteen, twenty-seven, thirty-six, thirty-eight and forty are communications between officials or employees of the defendant and the attorney for that entity. Moreover, this court is not satisfied that the documents identified in the defendant's privilege log bearing the numbers four, five, six, eight, nine, ten, eleven, twelve, thirteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty-one, twenty-two, twenty-eight, twenty-nine, thirty, thirty-two, thirty-three, thirty-four, thirty-five, thirty-eight, thirty-nine, forty, forty-one, forty-two and forty-three are communications relating to the giving or receiving of legal advice; and furthermore, this court is not satisfied that the documents identified in the defendant's privilege log bearing the numbers three, six, nine, ten, thirteen, eighteen, twenty, twenty-one, twenty-two, twenty-four, thirty-nine and forty-one are communications that were made in confidence.
Work Product Rule
CT Page 16231
The attorney work product doctrine in Connecticut is set forth in Practice Book § 13-3.[7] "Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation." (Internal quotation marks omitted.) Ullmann v. State, 230 Conn. 698, 714-15, 647 A.2d 324
(1994); accord Richards Corp. v. Semac Electrical, Superior Court, judicial district of New Britain, Docket No. 476427 (August 10, 1999,Robinson, J.). "The work product rule protects an attorney's interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and countless other tangible and intangible items." (Internal quotation marks omitted.) Ullmann v. State, supra, 230 Conn. 714. "The burden of establishing that the information sought constitutes attorney work product is upon the party asserting such a claim." Sevillev. KDI Sylvan Pools, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 129702 (February 9, 1994,Mottolese, J.).
"In order to fall within Connecticut's narrow definition of work product, attorney involvement in procuring or creating the material must be demonstrated." Tracanna v. Midstate Medical Center, Superior Court, judicial district of New Haven at New Haven, Docket No. 443739 (June 12, 2001, Lager, J.). "The attorney's work must have formed an essential step in the procurement of the data which the opponent seeks, and the attorney must have performed duties normally attended to by attorneys." StanleyWorks v. New Britain Redevelopment Agency, 155 Conn. 86, 95, 230 A.2d 9
(1967); accord Barksdale v. Harris, 30 Conn. App. 754, 761, 622 A.2d 597, cert. denied, 225 Conn. 927, 625 A.2d 825 (1993). Thus, "[t]he lack of involvement of counsel in securing the requested information bars the application of the work-product privilege to the requested information." (Internal quotation marks omitted.) Ippoliti v. Town of Ridgefield, Superior Court, judicial district of Danbury, Docket No. 337600 (August 7, 2000, Moraghan, J.) (27 Conn.L.Rptr. 629). Furthermore, the work product doctrine does not protect facts learned from documents or other items. See Robarge v. Patriot General Ins. Co., 42 Conn. Sup. 164, 166,608 A.2d 722 (1992). Moreover, "[t]here is no shield against discovery of the facts that the opponent has acquired or the person from whom the facts were obtained." Ippoliti v. Town of Ridgefield, supra,27 Conn.L.Rptr. 629.
"Courts have looked at several factors in evaluating the primary purpose for the preparation of the materials in question. First, a document prepared in the ordinary course of business is not prepared in anticipation of litigation. . . . The courts have also looked at the temporal proximity of the litigation and the likelihood of litigation." (Citation omitted.) Cloutier v. Liberty Mutual Insurance, Superior CT Page 16232 Court, judicial district of Fairfield at Bridgeport, Docket No. 278184 (March 6, 1998, Mottolese, J.) (21 Conn.L.Rptr. 72), aff'd per curiam,60 Conn. App. 904, 759 A.2d 1056, cert. denied, 255 Conn. 919,763 A.2d 1043 (2000); see also Ippoliti v. Town of Ridgefield, supra,27 Conn.L.Rptr. 629 (stating that documents prepared in ordinary course of business are discoverable under Practice Book § 13-2, while work-product materials prepared in anticipation of litigation or for trial are only discoverable upon a showing of substantial need and undue hardship, pursuant to Practice Book § 13-3).
Applying the principles above to the present case, this court is satisfied that the documents identified in the defendant's privilege log bearing the numbers seven, twenty-seven and thirty-five were prepared in anticipation of litigation or for trial. This court is not satisfied, however, that the documents identified in the defendant's privilege log bearing the numbers three, eight, nine, ten, fourteen, fifteen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six, twenty-nine, thirty-three, thirty-four, thirty-six, thirty-seven, thirty-eight, forty and forty-two were prepared in anticipation of litigation or for trial, rather than in the ordinary course of the defendant's business or another manner similarly unprotected by the work product rule.
Additionally, this court notes that the defendant has not asserted any specific argument or basis for withholding the document identified in its privilege log as document number thirty-one, and its basis for withholding the document is not patently discernable to this court. See generallyBabcock v. Bridgeport Hospital, supra, 251 Conn. 848 ("[w]here the [privileged or protected] nature of a document is not patently discernible from the face of the discovery request . . . the burden of establishing immunity from discovery rests with the party asserting the privilege.") Consequently, this court finds that the defendant has not met its burden of establishing any basis for withholding this document.
 Conclusion
In summary, this court finds that the following documents are protected from disclosure by the attorney-client privilege: those enumerated in the defendant's privilege log as one, two, twenty-three, twenty-five, twenty-six and thirty-seven. Consequently, the plaintiff's motion for an order of compliance is denied as to these documents. Furthermore, this court finds that the following documents are protected from disclosure by the attorney work-product rule: those enumerated in the defendant's privilege log as seven, twenty-seven and thirty-five. Consequently, the plaintiff's motion is denied as to these documents. See generally, Practice Book § 13-3. Accordingly, the plaintiff's motion for an CT Page 16233 order of compliance is granted with respect to all other documents identified in the defendant's privilege log, as this court finds that the defendant has neither established the applicability of the attorney-client privilege nor the work product rule to the remainder of the documents in dispute. Therefore, this court hereby orders compliance in accordance with this decision on or before January 4, 2002.
MINTZ, J.